977 F.2d 1533
 61 USLW 2139, Fed. Sec. L. Rep. P 96,968,
23 Fed.R.Serv.3d 957
 Ivan A. ANIXTER; Blanche Dickenson; Dolly K. Yoshida, on
behalf of themselves and all others similarly
situated, Plaintiffs-Appellees,
v.
HOME-STAKE PRODUCTION COMPANY, an Oklahoma corporation;
Home-Stake 1971 Program Operating Corporation; Home-Stake
1970 Program Operating Corporation; Home-Stake 1969 Program
Operating Corporation; Home-Stake 1968 Program Operating
Corporation; Home-Stake 1967 Program Operating Corporation;
Home-Stake 1966 Program Operating Corporation; Home-Stake
1965 Program Operating Corporation; Robert S. Trippet;
E.M. Kunkel; Thomas A. Landrith, Jr.; J.D. Metcalfe; H.B.
Gutelius; H.L. Fitzgerald, Defendants,
and
Wynema Anna Cross, Executrix of the Estate of Norman C.
Cross, Jr.; Norman C. Cross, Jr., Defendants-Appellants.
A.M. ANDERSON; Bank of America National Trust and Savings
Association, as Trustee for Merl McHenry, Joseph A. Buda,
Arthur Bueche, George V.T. and Helen Burgess; Dewey J.
Cali; William H. Colquhoun; S.W. Corbin; Robert B.
Coburn; Virgil B. Day; William H. Dennler; Mario
DiMartino; Stella DiMartino; John M. Evans; Margaret C.
Everett; Isador H. Finkelstein; Joseph H. Gauss; H.W.
Gouldthorpe; Ralph Hart; James J. Hayes; Earl D. Hilburn;
Joseph E. Horak; Gerald A. Hoyt; Richard M. Hurst; Ralph
Iannucci; Emily Iannucci; Milton F. Kent; Howard
Kicherer; Elizabeth Kicherer; John Kokoszka; Millie B.
Lassing; Joseph Levin; Marie F. Levin; John D. Lockton;
Dennis G. Lyons; Ferdinand F. McAllister; Russell W.
McFall; James Madden; Albert Manganelli; Nicholas A.
Marchese; Stanley A. Marks; John G. Martin; C.W. Moeller;
Andrew Overby; Carl E. Palermo; Frank A. Palermo; Roy T.
Parker, Jr.; Bruce M. Robertson; D.D. Scarff; M.L.
Scarff; A.E. Schubert; William R. Smart; E. Starr; Janet
G. Stewart; Gerald Toomey; Paul Townsend; Vernon
Underwood; H.B. Waldron, Jr.; Ted B. Westfall, Plaintiffs-Appellees,
v.
HOME-STAKE PRODUCTION COMPANY, an Oklahoma corporation;
Home-Stake 1970 Program Operating Corporation, a Delaware
corporation; Robert S. Trippet; Harry Heller; Simpson
Thacher and Bartlett, a partnership; Thomas A. Landrith,
Jr.; E.M. Kunkel; McAfee, Taft, Mark, Bond, Rucks, and
Woodruff, a professional corporation and its professional
employees and attorneys and partners, their successors and
assigns, Defendants,
and
Wynema Anna Cross, Executrix of the Estate of Norman C.
Cross, Jr.; Norman C. Cross, Jr., Defendants-Appellants.
A.M. ANDERSON; Richard J. Anton; Bank of America National
Trust and Savings Association, as Trustee for Merl McHenry,
E.P. Bernuth, Sophie K. Bernuth, Joseph A. Buda, George and
Helen Burgess; Dewey J. Cali; Robert B. Coburn; Coburn &
Libby, Inc.; Edward V. Coonan; S.W. Corbin; William H.
Dennler; Mario DiMartino; Stella DiMartino; John Evans;
Margaret C. Everett; L.L. Ferguson; Isador H. Finkelstein;
H.W. Gouldthorpe; George L. Haller; Jack Hanson; Ralph
A. Hart; F.H. Holt; Joseph E. Horak; Gerald A. Hoyt;
Howard G. Kicherer; Elizabeth C. Kicherer; John Kokoszka;
Millie B. Lassing; Joseph Levin; Marie Levin; John D.
Lockton; D.W. Lynch; D.B. Lynch; Dennis G. Lyons;
Ferdinand F. McAllister; Russell McFall; James F. Madden;
Albert Manganelli; Nicholas Marchese; Stanley A. Marks;
C.W. Moeller; William H. Mortensen; Carl Olson; Patricia
Olson; Carl Palermo; Frank Palermo; Roy T. Parker; Helen
M. Reeder; D.D. Scarff; M.L. Scarff; Richard Scott;
Louis P. Singer; William R. Smart; J. Stanford Smith; G.
Curtis Stewart; Paul Townsend; Vernon Underwood; Ted B.
Westfall; J. Howard Wood; Sidney Woolwich; Murray
Zimmerman, Plaintiffs-Appellees,
v.
HOME-STAKE PRODUCTION COMPANY, an Oklahoma corporation;
Home-Stake 1969 Program Operating Corporation, a Delaware
corporation; Robert S. Trippet; E.M. Kunkel; Thomas A.
Landrith, Jr.; Harry Heller; William Blum; Simpson
Thacher and Bartlett; William D. Lewis; Richard A. Ganong;
Lewis & Ganong, a partnership, Defendants,
and
Wynema Anna Cross, Executrix of the Estate of Norman C.
Cross, Jr., Defendant-Appellant.
BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION, as
Trustee for Marcella McHenry, Merl McHenry, Fred J. Borch,
David Breslauer, Joseph A. Buda; Dewey J. Cali; James
Clark; Mary Clark; William H. Colquhoun; Edward V.
Coonan; S.W. Corbin; William H. Dennler; Mario DiMartino;
Stella DiMartino; John Evans; L.L. Ferguson; Jack Fine;
Isador H. Finkelstein; Joseph H. Gauss; H.W. Gouldthorpe;
James J. Hayes; Earl D. Hilburn; Dorothy C. Holt; Joseph
E. Horak; Gerald A. Hoyt; Richard M. Hurst; John E.
Hutchinson, III; Harold Kaplan; W.S. Jones; Howard G.
Kicherer; Elizabeth Kicherer; John Kokoszka; Millie B.
Lassing; Joseph Levin; Marie Levin; D.W. Lynch; D.B.
Lynch, Dennis G. Lyons; Ferdinand F. McAllister; Russell
W. McFall; Anthony Macagna; James F. Madden; Albert
Manganelli; Nicholas A. Marchese; Charles J. Meloun; C.W.
Moeller; Carl J. Olson; Patricia Olson; Thomas O. Paine;
Carl E. Palermo; Frank A. Palermo; Roy T. Parker, Jr.;
Howard Rubenstein; D.D. Scarff; M.L. Scarff; C.S. Semple;
William Smart; J. Stanford Smith; Janet G. Stewart;
Gerald Toomey; Oliver J. Troster; H.B. Waldron, Jr.;
Humberto Zavaleta; Murray Zimmerman, Plaintiffs-Appellees,
v.
HOME-STAKE PRODUCTION COMPANY, an Oklahoma corporation;
Home-Stake 1971 Program Operating Corporation, a Delaware
corporation; Robert S. Trippet; Harry Heller; Simpson
Thacher and Bartlett, a partnership; William Blum; Thomas
A. Landrith, Jr.; E.M. Kunkel; McAfee, Taft, Mark, Bond,
Rucks, and Woodruff, a professional corporation and its
professional employees and attorneys and partners, their
successors and assigns; William D. Lewis; Richard A.
Ganong; Lewis & Ganong, a partnership, Defendants,
and
Wynema Anna Cross, as Executrix of the Estate of Norman C.
Cross, Jr., Defendant-Appellant.
Ivan A. ANIXTER; William H. Dennler; John D. Lockton;
Francis K. McCune; Ted B. Westfall; William H. Mortensen;
Peter P. Luce; William D. Robertson; Bernard D. Broeker;
Thomas H. Thorner; Dolly Yoshida Martin; William Grohne;
James H. Leachman; Beverly H. Warren; Joseph C. Bennett,
Plaintiffs-Appellees,
v.
HOME-STAKE PRODUCTION COMPANY, an Oklahoma corporation;
Home-Stake 1964 Program Operating Corporation; Home-Stake
1965 Program Operating Corporation; Home-Stake 1966 Program
Operating Corporation; Home-Stake 1967 Program Operating
Corporation; Home-Stake 1968 Program Operating Corporation;
Home-Stake 1969 Program Operating Corporation; Home-Stake
1970 Program Operating Corporation; Home-Stake 1971 Program
Operating Corporation; Home-Stake 1972 Program Operating
Corporation; Robert S. Trippet; H.L. Fitzgerald; H.R.
Smith; Frank E. Sims; John T. Lenoir; Thomas A. Landrith,
Jr.; E.M. Kunkel; Jackson M. Barton; Marvin R. Barnett;
Donald C. Larrabee; J.D. Metcalfe; H.B. Gutelius; Carl E.
Clay; William E. Murray; Murray, Patterson & Sharpe;
Dryfoos & Company; McAfee, Taft, Mark, Bond, Rucks, and
Woodruff; Simpson Thacher and Bartlett; Harry Heller;
William Blum; Richard A. Ganong; William D. Lewis; Lewis
& Ganong; Richard A. Ganong, Inc.; Norman C. Cross, Jr.;
Kent Klineman, Defendants,
and
Cross and Company, Defendant-Appellant.
Ivan A. ANIXTER; Blanche Dickenson; Dolly K. Yoshida; and
Joseph C. Bennett, on behalf of themselves and all
others similarly situated, Plaintiffs-Appellees,
v.
HOME-STAKE PRODUCTION COMPANY, an Oklahoma corporation;
Home-Stake 1971 Program Operating Corporation; Home-Stake
1970 Program Operating Corporation; Home-Stake 1969 Program
Operating Corporation; Home-Stake 1968 Program Operating
Corporation; Home-Stake 1967 Program Operating Corporation;
Home-Stake 1966 Program Operating Corporation; Home-Stake
1965 Program Operating Corporation; Robert S. Trippet;
E.M. Kunkel; Thomas A. Landrith, Jr.; J.D.
Metcalfe; H.B. Gutelius; H.L. Fitzgerald; Norman C.
Cross, Jr.; Murray, Patterson & Sharpe, a partnership;
Dryfoos & Company, a limited partnership; McAfee, Taft,
Mark, Bond, Rucks, and Woodruff, a professional corporation;
Simpson Thacher and Bartlett, a partnership; Lewis &
Ganong, a partnership; William E. Murray; Kent Klineman;
William Blum; Harry Heller; Richard A. Ganong; William D.
Lewis; John T. Lenoir; Carl E. Clay; Jackson M. Barton;
Marvin R. Barnett; Frank E. Sims; H.R. Smith; Donald C.
Larrabee; Richard A. Ganong, Inc., a corporation, Defendants,
and
Kothe & Eagleton, Inc., a professional corporation,
Defendant-Appellant.
Ivan A. ANIXTER; Blanche Dickenson; Dolly K. Yoshida, on
behalf of themselves and all others similarly
situated, Plaintiffs-Appellees,
v.
HOME-STAKE PRODUCTION COMPANY, an Oklahoma corporation;
Home-Stake 1971 Program Operating Corporation; Home-Stake
1970 Program Operating Corporation; Home-Stake 1969 Program
Operating Corporation; Home-Stake 1968 Program Operating
Corporation; Home-Stake 1967 Program Operating Corporation;
Home-Stake 1966 Program Operating Corporation; Home-Stake
1965 Program Operating Corporation; Robert S. Trippet;
Thomas A. Landrith, Jr.; J.D. Metcalfe; H.B. Gutelius;
H.L. Fitzgerald; Norman C. Cross, Jr., Defendants,
and
E.M. Kunkel, Defendant-Appellant.
Richard J. ANTON; Morrell H. Blesh; Arthur M. Bueche;
S.W. Corbin; Virgil B. Day; William H. Dennler; L.L.
Ferguson; Isador H. Finkelstein; Thomas S. Gates; Joseph
H. Gauss; Margaret W. Gillespie; H.W. Gouldthorpe; George
L. Haller; Ralph A. Hart; Charles M. Heiden; Dorothy C.
Holt; Victor Holt, Jr.; Richard M. Hurst; P.J. Jensen;
Robert B. Keegan; Milton F. Kent; Millie B. Lassing; John
D. Lockton; D.W. Lynch; D.B. Lynch; Ferdinand F.
McAllister; Francis K. McCune; Russell W. McFall; John G.
Martin; H.D. Meader; Betty Jane Mills; David K. Mills;
C.W. Moeller; William H. Mortensen; D.D. Scarff; M.L.
Scarff; William R. Smart; J. Stanford Smith; Robert P.
Strub; Estate of Vera Strub; Vernon Underwood; Hoyt
Ammidon, Plaintiffs-Appellees,
v.
HOME-STAKE PRODUCTION COMPANY, an Oklahoma corporation;
Harry Heller; William Blum; Simpson Thacher and Bartlett,
a partnership; William D. Lewis; Richard A. Ganong;
Home-Stake 1966 Program Operating Corporation; Lewis &
Ganong, a partnership; Robert S. Trippet; Thomas A.
Landrith, Jr., Defendants,
and
E.M. Kunkel, Defendant-Appellant.
Morrell H. BLESH; Fred J. Borch; S.W. Corbin; Virgil B.
Day; William H. Dennler; L.L. Ferguson; Isador H.
Finkelstein; George L. Haller; Ralph A. Hart; F.H. Holt;
D. Holt; Victor Holt, Jr.; Gerald A. Hoyt; John D.
Lockton; D.W. Lynch; D.B. Lynch; F.F. McAllister;
Francis K. McCune; John G. Martin; H.D. Meader; C.W.
Moeller; William H. Mortensen; D.D. Scarff; M.L. Scarff;
J. Stanford Smith; C.G. Suits, Plaintiffs-Appellees,
v.
HOME-STAKE PRODUCTION COMPANY, an Oklahoma corporation;
Home-Stake 1964 Program Operating Corporation, a Delaware
corporation; Robert S. Trippet; Thomas A. Landrith, Jr.;
Harry Heller; William Blum; Simpson Thacher and Bartlett,
a partnership, Defendants,
and
E.M. Kunkel, Defendant-Appellant.
A.M. ANDERSON; Bank of America National Trust and Savings
Association, as Trustee for Merl McHenry, Joseph A. Buda,
Arthur Bueche, George V.T. Burgess, Helen Burgess; Dewey J.
Cali; William H. Colquhoun; S.W. Corbin; Robert B.
Coburn; Virgil B. Day; William H. Dennler; Mario
DiMartino; Stella DiMartino; John M. Evans; Margaret C.
Everett; Isador H. Finkelstein; Joseph H. Gauss; H.W.
Gouldthorpe; Ralph Hart; James J. Hayes; Earl D. Hilburn;
Joseph E. Horak; Gerald A. Hoyt; Richard M. Hurst; Ralph
Iannucci; Emily Iannucci; Milton F. Kent; Howard
Kicherer; Elizabeth Kicherer; John Kokoszka; Millie B.
Lassing; Joseph Levin; Marie F. Levin; John D. Lockton;
Dennis G. Lyons; Ferdinand F. McAllister; Russell W.
McFall; James Madden; Albert Manganelli; Nicholas A.
Marchese; Stanley A. Marks; John G. Martin; C.W. Moeller;
Andrew Overby; Carl E. Palermo; Frank A. Palermo; Roy T.
Parker, Jr.; Bruce M. Robertson; D.D. Scarff; M.L.
Scarff; A.E. Schubert; William R. Smart; Janet G.
Stewart; Gerald Toomey; Paul Townsend; Vernon Underwood;
H.B. Waldron, Jr.; Ted B. Westfall, Plaintiffs-Appellees,
v.
HOME-STAKE PRODUCTION COMPANY, an Oklahoma corporation;
Home-Stake 1970 Program Operating Corporation, a Delaware
corporation; Robert S. Trippet; Harry Heller; Simpson
Thacher and Bartlett, a partnership; William Blum; Thomas
A. Landrith, Jr.; McAfee, Taft, Mark, Bond, Rucks, and
Woodruff, a professional corporation and its professional
employees and attorneys and partners, their successors and
assigns; Norman C. Cross, Jr., Defendants,
and
E.M. Kunkel, Defendant-Appellant.
Morrell H. BLESH; Fred J. Borch; S.W. Corbin; Virgil B.
Day; William H. Dennler; L.L. Ferguson; Isador H.
Finkelstein; Thomas S. Gates; George L. Haller; Ralph A.
Hart; F.H. Holt; D. Holt; Charles M. Heiden; Victor
Holt, Jr.; Gerald A. Hoyt; John D. Lockton; Doreen B.
Hoyt; Peter J. Jensen; Milton F. Kent; Millie B. Lassing;
D.W. Lynch; D.B. Lynch; F.F. McAllister; Francis K.
McCune; John G. Martin; H.D. Meader; C.W. Moeller;
William H. Mortensen; D.D. Scarff; M.L. Scarff; J.
Stanford Smith; C.G. Suits, Plaintiffs-Appellees,
v.
HOME-STAKE PRODUCTION COMPANY, an Oklahoma corporation;
Home-Stake 1965 Program Operating Corporation; Robert S.
Trippet; Thomas A. Landrith, Jr.; Harry Heller; William
Blum; Simpson Thacher and Bartlett, a partnership, Defendants,
and
E.M. Kunkel, Defendant-Appellant.
A.M. ANDERSON; Richard J. Anton; Bank of America National
Trust and Savings Association, as Trustee for Merl McHenry,
E.P. Bernuth, Sophie K. Bernuth, Joseph A. Buda, George and
Helen Burgess; Dewey J. Cali; Robert B. Coburn; Coburn &
Libby, Inc.; Edward V. Coonan; S.W. Corbin; William H.
Dennler; Mario DiMartino; Stella DiMartino; John Evans;
Margaret C. Everett; L.L. Ferguson; Isador H. Finkelstein;
H.W. Gouldthorpe; George L. Haller; Jack Hanson; Ralph
Hart; F.H. Holt; Joseph E. Horak; Gerald A. Hoyt; Howard
G. and Elizabeth C. Kicherer, John Kokoszka; Millie B.
Lassing; Joseph Levin; Marie Levin; John D. Lockton;
D.W. and D.B. Lynch; Dennis G. Lyons; Ferdinand F.
McAllister; Russell McFall; James F. Madden; Albert
Manganelli; Nicholas Marchese; Stanley A. Marks; C.W.
Moeller; William H. Mortensen; Carl and Patricia Olson;
Carl Palermo; Frank Palermo; Roy T. Parker; Helen M.
Reeder; D.D. Scarff; M.L. Scarff; Richard Scott; Louis
P. Singer; William R. Smart; J. Stanford Smith; G. Curtis
Stewart; Paul Townsend; Vernon Underwood; Ted B.
Westfall; J. Howard Wood; Sidney Woolwich and Murray
Zimmerman, Plaintiffs-Appellees,
v.
HOME-STAKE PRODUCTION COMPANY, an Oklahoma corporation;
Home-Stake 1969 Program Operating Corporation, a Delaware
corporation; Elmer M. Kunkel; Thomas A. Landrith, Jr.;
Harry Heller; William Blum; Simpson Thacher and Bartlett,
a partnership; Norman C. Cross, Jr.; William D. Lewis;
Richard A. Ganong; Lewis & Ganong, a partnership, Defendants,
and
Robert S. Trippet, Defendant-Appellant.
A.M. ANDERSON; Bank of America National Trust and Savings
Association, as Trustee for Merl McHenry, Joseph A. Buda,
Arthur Bueche, George V.T. Burgess, Helen Burgess; Dewey J.
Cali; William H. Colquhoun; S.W. Corbin; Robert B.
Coburn; Virgil B. Day; William H. Dennler; Mario
DiMartino; Stella DiMartino; John M. Evans; Margaret C.
Everett; Isador H. Finkelstein; Joseph H. Gauss; H.W.
Gouldthorpe; Ralph Hart; James J. Hayes; Earl D. Hilburn;
Joseph E. Horak; Gerald A. Hoyt; Richard M. Hurst; Ralph
Iannucci; Emily Iannucci; Milton F. Kent; Howard
Kicherer; Elizabeth Kicherer; John Kokoszka; Millie B.
Lassing; Joseph Levin; Marie F. Levin; John D. Lockton;
Dennis G. Lyons; Ferdinand F. McAllister; Russell W.
McFall; James Madden; Albert Manganelli; Nicholas A.
Marchese; Stanley A. Marks; John G. Martin; C.W. Moeller;
Andrew Overby; Carl E. Palermo; Frank A. Palermo; Roy T.
Parker, Jr.; Bruce M. Robertson; D.D. Scarff; M.L.
Scarff; A.E. Schubert; William R. Smart; Janet G.
Stewart; Gerald Toomey; Paul Townsend; Vernon Underwood;
H.B. Waldron, Jr.; Ted B. Westfall, Plaintiffs-Appellees,
v.
HOME-STAKE PRODUCTION COMPANY, an Oklahoma corporation;
Home-Stake 1968 Program Operating Corporation, Defendants,
and
Robert S. Trippet, Defendant-Appellant.
A.M. ANDERSON; Bank of America National Trust and Savings
Association, as Trustee for Merl McHenry, Joseph A. Buda,
Arthur Bueche, George V.T. and Helen Burgess; Dewey J.
Cali; William H. Colquhoun; S.W. Corbin; Robert B.
Coburn; Virgil B. Day; William H. Dennler; Mario
DiMartino; Stella DiMartino; John M. Evans; Margaret C.
Everett; Isador H. Finkelstein; Joseph H. Gauss; H.W.
Gouldthorpe; Ralph Hart; James J. Hayes; Earl D. Hilburn;
Joseph E. Horak; Gerald A. Hoyt; Richard M. Hurst; Ralph
Iannucci; Emily Iannucci; Milton F. Kent; Howard
Kicherer; Elizabeth Kicherer; John B. Kokoszka; Millie B.
Lassing; Joseph Levin; Marie F. Levin; John D. Lockton;
Dennis G. Lyons; Ferdinand F. McAllister; Russell W.
McFall; James Madden; Albert Manganelli; Nicholas A.
Marchese; Stanley A. Marks; John G. Martin; C.W. Moeller;
Andrew Overby; Carl E. Palermo; Frank A. Palermo; Roy T.
Parker, Jr.; Bruce M. Robertson; D.D. Scarff; M.L.
Scarff; A.E. Schubert; William R. Smart; E. Starr; Janet
G. Stewart; Gerald Toomey; Paul Townsend; Vernon
Underwood; H.B. Waldron, Jr.; Ted B. Westfall, Plaintiffs-Appellees,
v.
HOME-STAKE PRODUCTION COMPANY, an Oklahoma corporation;
Home-Stake 1970 Program Operating Corporation, a Delaware
corporation; Harry Heller, Simpson Thacher and Bartlett, a
partnership; Thomas A. Landrith, Jr.; E.M. Kunkel;
McAfee, Taft, Mark, Bond, Rucks, and Woodruff, a
professional corporation and its professional employees and
attorneys and partners, their successors and assigns;
Wynema Anna Cross, Executrix of the Estate of Norman C.
Cross, Jr.; Norman C. Cross, Jr., Defendants,
and
Robert S. Trippet, Defendant-Appellant.
BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION, as
Trustee for Marcella McHenry, Merl McHenry, Fred J. Borch,
David Breslauer, Joseph A. Buda; Dewey J. Cali; James
Clark; Mary Clark; William H. Colquhoun; Edward V.
Coonan; S.W. Corbin; William H. Dennler; Mario DiMartino;
Stella DiMartino; John Evans; L.L. Ferguson; Jack Fine;
Isador H. Finkelstein; Joseph H. Gauss; H.W. Gouldthorpe;
James J. Hayes; Earl D. Hilburn; Dorothy C. Holt; Joseph
E. Horak; Gerald A. Hoyt; Richard M. Hurst; John E.
Hutchinson, III; Harold Kaplan; W.S. Jones; Howard G.
Kicherer; Elizabeth Kicherer; John Kokoszka; Millie B.
Lassing; Joseph Levin; Marie Levin; D.W. Lynch; D.B.
Lynch; Dennis G. Lyons; Ferdinand F. McAllister; Russell
W. McFall; Anthony Macagna; James F. Madden; Albert
Manganelli; Nicholas A. Marchese; Charles J. Meloun; C.W.
Moeller; Carl J. Olson; Patricia Olson; Thomas O. Paine;
Carl E. Palermo; Frank A. Palermo; Roy T. Parker, Jr.;
Howard Rubenstein; D.D. Scarff; M.L. Scarff; C.S. Semple;
William Smart; J. Stanford Smith; Janet G. Stewart;
Gerald Toomey; Oliver J. Troster; H.B. Waldron, Jr.;
Humberto Zavaleta; Murray Zimmerman, Plaintiffs-Appellees,
v.
HOME-STAKE PRODUCTION COMPANY, an Oklahoma corporation;
Home-Stake 1971 Program Operating Corporation, a Delaware
corporation; Harry Heller; Simpson Thacher and Bartlett, a
partnership; William Blum; Thomas A. Landrith, Jr.; E.M.
Kunkel; McAffe, Taft, Mark, Bond, Rucks, and Woodruff, a
professional corporation and its professional employees and
attorneys and partners, their successors and assigns;
Norman C. Cross, Jr.; William D. Lewis; Richard A. Ganong;
Lewis & Ganong, a partnership, Defendants,
and
Robert S. Trippet, Defendant-Appellant.
Richard J. ANTON; Morrell H. Blesh; Arthur M. Bueche;
S.W. Corbin; Virgil B. Day; William H. Dennler; L.L.
Ferguson; Isador H. Finkelstein; Thomas S. Gates; Joseph
H. Gauss; Margaret W. Gillespie; H.W. Gouldthorpe; George
L. Haller; Ralph A. Hart; Charles M. Heiden; Dorothy C.
Holt; Victor Holt, Jr.; Richard M. Hurst; P.J. Jensen;
Robert B. Keegan; Milton F. Kent; Millie B. Lassing; John
D. Lockton; D.W. Lynch; D.B. Lynch; Ferdinand F.
McAllister; Francis K. McCune; Russell W. McFall; John G.
Martin; H.D. Meader; Betty Jane Mills; David K. Mills;
C.W. Moeller; William H. Mortensen; D.D. Scarff; M.L.
Scarff; William R. Smart; J. Stanford Smith; Robert P.
Strub; Estate of Vera Strub; Vernon Underwood; Hoyt
Ammidon, Plaintiffs-Appellees,
v.
HOME-STAKE PRODUCTION COMPANY; Home-Stake 1967 Program
Operating Corporation, Defendants,
and
Robert S. Trippet, Defendant-Appellant.
Richard J. ANTON; Morrell H. Blesh; Arthur M. Bueche;
S.W. Corbin; Virgil B. Day; William H. Dennler; L.L.
Ferguson; Isador H. Finkelstein; Thomas S. Gates; Joseph
H. Gauss; Margaret W. Gillespie; H.W. Gouldthorpe; George
L. Haller; Ralph A. Hart; Dorothy C. Holt; Fred H. Holt;
Victor Holt, Jr.; Richard M. Hurst; P.J. Jensen; Robert
B. Keegan; Milton F. Kent; Millie B. Lassing; John D.
Lockton; D.W. Lynch; Ferdinand F. McAllister; Francis K.
McCune; Russell W. McFall; John G. Martin; H.D. Meader;
Betty Jane Mills; David K. Mills; C.W. Moeller; William
H. Mortensen; D.D. Scarff; M.L. Scarff; William R. Smart;
J. Stanford Smith; Estate of Vera Strub; Vernon
Underwood; Hoyt Ammidon, Plaintiffs-Appellees,
v.
HOME-STAKE PRODUCTION COMPANY, an Oklahoma corporation;
Harry Heller; William Blum; Simpson Thacher and Bartlett,
a partnership; William D. Lewis; Richard A. Ganong;
Home-Stake 1966 Program Operating Corporation; Lewis &
Ganong, a partnership; E.M. Kunkel; Thomas A. Landrith,
Jr., Defendants,
and
Robert S. Trippet, Defendant-Appellant.
Morrell H. BLESH; Fred J. Borch; S.W. Corbin; Virgil B.
Day; William H. Dennler; L.L. Ferguson; Isador H.
Finkelstein; George L. Haller; Ralph A. Hart; F.H. Holt;
D. Holt; Victor Holt, Jr.; Gerald A. Hoyt; John D.
Lockton; D.W. Lynch; D.B. Lynch; F.F. McAllister;
Francis K. McCune; John G. Martin; H.D. Meader; C.W.
Moeller; William H. Mortensen; D.D. Scarff; M.L. Scarff;
J. Stanford Smith; C.G. Suits, Plaintiffs-Appellees,
v.
HOME-STAKE PRODUCTION COMPANY, an Oklahoma corporation;
Home-Stake 1965 Program Operating Corporation; Thomas A.
Landrith, Jr.; E.M. Kunkel; Harry Heller; William Blum;
Simpson Thacher and Bartlett, a partnership, Defendants,
and
Robert S. Trippet, Defendant-Appellant.
Morrell H. BLESH; Fred J. Borch; S.W. Corbin; Virgil B.
Day; William H. Dennler; L.L. Ferguson; Isador H.
Finkelstein; George L. Haller; Ralph A. Hart; F.H. Holt;
D. Holt; Victor Holt, Jr.; Gerald A. Hoyt; John D.
Lockton; D.W. Lynch; D.B. Lynch; F.F. McAllister;
Francis K. McCune; John G. Martin; H.D. Meader; C.W.
Moeller; William H. Mortensen; D.D. Scarff; M.L. Scarff;
J. Stanford Smith; C.G. Suits, Plaintiffs-Appellees,
v.
HOME-STAKE PRODUCTION COMPANY, an Oklahoma corporation;
Home-Stake 1964 Program Operating Corporation, a Delaware
corporation; Thomas A. Landrith, Jr.; E.M. Kunkel; Harry
Heller; William Blum; Simpson Thacher and Bartlett, Defendants,
and
Robert S. Trippet, Defendant-Appellant.
Ivan A. ANIXTER; Blanche Dickenson; Dolly K. Yoshida, on
behalf of themselves and all others similarly
situated, Plaintiffs-Appellees,
v.
HOME-STAKE PRODUCTION COMPANY, an Oklahoma corporation;
Home-Stake 1971 Program Operating Corporation; Home-Stake
1970 Program Operating Corporation; Home-Stake 1969 Program
Operating Corporation; Home-Stake 1968 Program Operating
Corporation; Home-Stake 1967 Program Operating Corporation;
Home-Stake 1966 Program Operating Corporation; Home-Stake
1965 Program Operating Corporation; E.M. Kunkel; Thomas A.
Landrith, Jr.; J.D. Metcalfe; H.B. Gutelius; H.L.
Fitzgerald; Norman C. Cross, Jr., Defendants,
and
Robert S. Trippet, Defendant-Appellant. (Two Cases)
Ivan A. ANIXTER; Blanche Dickenson; Dolly K. Yoshida, on
behalf of themselves and all others similarly
situated, Plaintiffs-Appellees,
v.
HOME-STAKE PRODUCTION COMPANY, an Oklahoma corporation;
Home-Stake 1971 Program Operating Corporation; Home-Stake
1970 Program Operating Corporation; Home-Stake 1969 Program
Operating Corporation; Home-Stake 1968 Program Operating
Corporation; Home-Stake 1967 Program Operating Corporation;
Home- Stake 1966 Program Operating Corporation;
Home-Stake 1965 Program Operating Corporation; Robert S.
Trippet; E.M. Kunkel; Thomas A. Landrith, Jr.; J.D.
Metcalfe; H.B. Gutelius; H.L. Fitzgerald; Norman C.
Cross, Jr., Defendants,
and
Frank E. Sims, Defendant-Appellant. (Two Cases)
United States, Intervenor.
Securities and Exchange Commission, Amicus Curiae.
 Nos. 90-5040 to 90-5049, 90-5051, 90-5053, 90-5055 to
90-5059, 90-5062 to 90-5067.
 United States Court of Appeals,
Tenth Circuit.
 Aug. 24, 1992.
 
 Walter Steele, Denver, Colo., and Thomas M. Affeldt, co-counsel, (Jack L. McNulty and C.B. Savage, with them on the briefs), of Savage, O'Donnell, Scott, McNulty & Affeldt, Tulsa, Okl., for defendant-appellant E.M. Kunkel.
 B. Hayden Crawford (Kyle B. Haskins, with him on the briefs), of Crawford, Crowe & Bainbridge, P.A., Tulsa, Okl., for defendants-appellants Norman C. Cross, Jr., Wynema Anna Cross, Executrix of the Estate of Norman C. Cross, Jr., and Cross and Co.
 Stan P. Doyle (James C. Thomas, with him on the briefs), of Doyle & Harris, Tulsa, Okl., for appellant-defendant Kothe & Eagleton, Inc., a professional corp.
 Peter Van N. Lockwood (Albert G. Lauber and Jill R. Shellow, with him on the briefs), of Caplin & Drysdale, Chartered, Washington, D.C., (Elihu Inselbuch of Caplin & Drysdale, New York City, William A. Wineberg and Michael R. Simmonds of Broad, Schulz, Larson & Wineberg, San Francisco, Cal., and William H. Hinkle, Tulsa, Okl., with him on the briefs), for plaintiffs-appellees.
 Frank E. Sims, pro se.
 Robert S. Trippet, pro se.
 Timothy E. Flanigan, Acting Asst. Atty. Gen., Tony M. Graham, U.S. Atty., Barbara C. Biddle and Jeffrey K. Shapiro, Dept. of Justice, Washington, D.C., on the brief, for intervenor U.S.
 James R. Doty, Jacob H. Stillman, Leslie E. Smith, and Randall W. Quinn, Washington, D.C., on the brief, for amicus curiae Securities and Exchange Com'n.
 Before MOORE, ANDERSON, and BRORBY, Circuit Judges.
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 In light of the Supreme Court's order remanding this cause, we directed the parties to file supplemental briefs to address the question whether reinstatement of plaintiffs' Section 10(b) claims is now mandated under Section 27A of the Securities Exchange Act of 1934, § 476 of the Federal Deposit Insurance Corporation Improvement Act of 1991. We specified the parties address Bank of Denver v. Southeastern Capital Group, Inc., 789 F.Supp. 1092 (D.Colo.1992), and TGX Corp. v. Simmons, 786 F.Supp. 587 (E.D.La.1992), which together held Section 27A unconstitutional as a violation of the separation of powers doctrine. Because of defendants' constitutional challenge, we granted the government's motion to intervene under 28 U.S.C. § 2403. Upon review of the present decisions generated by Section 27A and the briefs, we conclude Congress properly exercised its legislative function to compel a change in the law. We therefore order plaintiffs' Section 10(b) claims reinstated consistent with this opinion.
 
 I. Prior Proceedings
 
 2
 In Anixter v. Home-Stake Prod. Co., 939 F.2d 1420 (10th Cir.1991), we held plaintiffs' claims for violations of §§ 11 and 12 of the Securities Act of 1933 were time-barred under the applicable statute of limitations found in Section 13 of the Securities Act of 1933 and reversed a judgment in their favor awarding over $130 million in damages against the named defendants. Just before our decision, the Supreme Court decided Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson, --- U.S. ----, 111 S.Ct. 2773, 115 L.Ed.2d 321 (1991), in which it discarded the traditional practice of applying state limitary periods to § 10(b) claims and instead extended the uniform federal scheme for express securities actions to these implied actions. The Court applied the rule to the Lampf complaint.
 
 
 3
 If there was any doubt about applying a rule of federal law retroactively after the case announcing the rule did so, the Court attempted to dispel that doubt in James B. Beam Distilling Co. v. Georgia, --- U.S. ----, ----, 111 S.Ct. 2439, 2447-48, 115 L.Ed.2d 481 (1991), also decided on June 20, 1991. In that case, joined by five other members of the Court in three concurring opinions, Justice Souter announced, "[o]nce retroactive application is chosen for any assertedly new rule, it is chosen for all others who might seek its prospective application. The applicability of rules of law are not to be switched on and off according to individual hardship...." The sure import of Lampf and Beam directed our dismissal of plaintiffs' Section 10(b) claims as untimely under a similar analysis to that we had applied to the §§ 11 and 12 claims.
 
 
 4
 On December 19, 1991, after our decision was entered, Congress proscribed Lampf 's retroactive application, inserting an amendment into the FDIC Improvement Act of 1991, Pub.L. No. 102-242, 1991 U.S.C.C.A.N. (105 Stat.) 2236, codified as § 27A of the Securities Exchange Act of 1934, 15 U.S.C. § 78aa-1 (Supp. III 1991). The new section stated, in part:
 
 SPECIAL PROVISION RELATING TO
 STATUTE OF LIMITATIONS ON
 PRIVATE CAUSES OF ACTION
 
 5
 SEC. 27A. (a) EFFECT ON PENDING CAUSES OF ACTION.--The limitation period for any private civil action implied under section 10(b) of this Act that was commenced on or before June 19, 1991, shall be the limitation period provided by the laws applicable in the jurisdiction, including principles of retroactivity, as such laws existed on June 19, 1991.
 
 
 6
 (b) EFFECT ON DISMISSED CAUSES OF ACTION.--Any private civil action implied under section 10(b) of this Act that was commenced on or before June 19, 1991--
 
 
 7
 (1) which was dismissed as time barred subsequent to June 19, 1991, and
 
 
 8
 (2) which would have been timely filed under the limitation period provided by the laws applicable in the jurisdiction, including principles of retroactivity, as such laws existed on June 19, 1991,
 
 
 9
 shall be reinstated on motion by the plaintiff not later than 60 days after the date of enactment of this section.
 
 II. Constitutionality of Section 27A
 
 10
 We now reconsider plaintiffs' timely motion to reinstate under Section 27A.[1] In support, plaintiffs contend on June 19, 1991, their § 10(b) claims were timely under the applicable Oklahoma two-year limitations period, citing Hackbart v. Holmes, 675 F.2d 1114, 1120 (10th Cir.1982).[2] Based on our prior opinion setting April 30, 1971, as the date on which the discovery period began to run, plaintiffs detail the timeliness of each plaintiff class's filing. Their discussion is predicated on the constitutionality of Section 27A and its directive "including principles of retroactivity" to require application of a pre-Lampf state statute of limitations. Defendants contest each position.
 
 
 11
 To date, two Circuits have dealt with Section 27A. See Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb, Inc., 967 F.2d 742 (2d Cir.1992) (§ 27A cannot save plaintiffs' statute of limitations defense raised for first time on appeal); Grondahl v. Merritt & Harris, Inc., 964 F.2d 1290 (2d Cir.1992) (plaintiff failed to begin action within any of the arguably applicable limitary periods); Henley v. Slone, 961 F.2d 23 (2d Cir.1992) (case remanded for district court to consider timeliness of suit under Ceres Partners v. GEL Assocs., 918 F.2d 349 (2d Cir.1990), and Welch v. Cadre Capital, 923 F.2d 989 (2d Cir.1991), vacated and remanded sub nom. Northwest Sav. Bank v. Welch, --- U.S. ----, 111 S.Ct. 2882, 115 L.Ed.2d 1048 (1991)); Pommer v. Medtest Corp., 961 F.2d 620 (7th Cir.1992) (case remanded for parties to address application of 27A in light of Short v. Belleville Shoe Mfg. Co., 908 F.2d 1385 (7th Cir.1990), cert. denied, --- U.S. ----, 111 S.Ct. 2887, 115 L.Ed.2d 1052 (1991)). None of these cases addressed the constitutionality of § 27A although numerous district courts have now done so with divergent results. See, e.g., Rosenthal v. Dean Witter Reynolds, Inc., No. 91-F-591, slip op. (D.Colo. June 15, 1992) (Section 27A violates separation of powers); Bank of Denver v. Southeastern Capital Group, Inc., 789 F.Supp. at 1092 (Section 27A unconstitutional); Johnston v. Cigna Corp., 789 F.Supp. 1098 (D.Colo.1992); TGX Corp. v. Simmons, 786 F.Supp. at 587; In re Brichard Sec. Litig., 788 F.Supp. 1098 (N.D.Cal.1992); contra In re American Continental Corp./Lincoln Sav. & Loan Sec. Litig., 794 F.Supp. 1424 (D.Ariz.1992); Maio v. Advanced Filtration Sys., Ltd., 795 F.Supp. 1364 (E.D.Pa.1992); Brown v. Hutton Group, 795 F.Supp. 1307 (S.D.N.Y.1992); Axel Johnson, Inc. v. Arthur Andersen & Co., 790 F.Supp. 476 (S.D.N.Y.1992).
 
 
 12
 With the proviso that we do not decide constitutional questions unnecessarily, Jean v. Nelson, 472 U.S. 846, 854, 105 S.Ct. 2992, 2996-97, 86 L.Ed.2d 664 (1985), the issue has been put in play here both by the facts of the case and "principles of retroactivity" existing on June 19, 1991, in this Circuit.[3] We therefore cannot avoid deciding whether the separation of powers doctrine barred Congress from enacting § 27A.
 
 
 13
 In their constitutional challenge, defendants rely principally on United States v. Klein, 13 Wall. 128, 80 U.S. 128, 20 L.Ed. 519, (1871)[4] to urge § 27A violates the doctrines of separation of powers, due process, and equal protection. Central to their analysis is the proposition that § 27A does not change existing law or create new law but specifically commands the courts to decide pending cases in a particular manner and even to direct decisions in cases that have been dismissed. On June 20, 1991, defendants maintain, the Lampf interpretation of § 9(e) of the 1934 Securities Exchange Act was and remained the law for all cases pending or to be filed. Enactment of § 27A did not change § 9(e) but only directed the courts to ignore it for a designated class of cases. Hence, defendants urge Congress overstepped its legislative function to mandate judicial decisions.
 
 
 14
 However, unlike Section 27A now before us, the enactment at issue in Klein ordered: (1) the Court of Claims to find evidence of a Presidential pardon or amnesty inadmissible for claimants seeking redress under the Abandoned and Captured Property Act; (2) the Supreme Court to dismiss for lack of jurisdiction any appeal from a Court of Claims judgment based on the claimant's reliance on a pardon; and (3) the Court of Claims was to treat a claimant's receipt of a Presidential pardon as conclusive evidence of disloyalty. The congressional act was, thus, unconstitutional as an effort "to prescribe a rule for the decision of a cause in a particular way." Klein, 80 U.S. at 146.
 
 
 15
 This case is not Klein. Section 27A does not direct courts to make specific factual findings or mandate a result in a particular case. Brown v. Hutton Group, 795 F.Supp. 1307; Axel Johnson, Inc. v. Arthur Andersen & Co., 790 F.Supp. at 476. It does not remove or alter the courts' constitutional adjudicatory function. Instead, in Section 27A, Congress prescribed a new statute of limitations for the judiciary to apply to all Section 10(b) litigation pending on June 19, 1991. In re American Continental Corp./Lincoln Sav. & Loan Sec. Litig., 794 F.Supp. 1424; TBG, Inc. v. Bendis, 1992 WL 80622 (D.Kan.1992). Surely Congress has the power to change a rule of law and make that change applicable to pending cases. United States v. Schooner Peggy, 5 U.S. (1 Cranch) 103, 110, 2 L.Ed. 49 (1801).
 
 
 16
 Were Klein ambiguous in aiding our review, we now have the benefit of the Court's analysis in Robertson v. Seattle Audubon Soc., --- U.S. ----, ----, 112 S.Ct. 1407, 1413, 118 L.Ed.2d 73 (1992), to assure our conviction that § 27A "compelle[d] changes in the law, not findings or results under old law." In that case, certain environmental groups challenged the constitutionality of § 318 of the Department of the Interior and Related Agencies Appropriations Act, 1990, 103 Stat. 745, the "Northwest Timber Compromise," enacted in response to ongoing litigation concerning the harvesting and sale of timber from old-growth forests in the Pacific Northwest. The target of the challenge was subsection (b)(6)(A) which declared:
 
 
 17
 [T]he Congress hereby determines and directs that management of areas according to subsections (b)(3) and (b)(5) of this section ... known to contain northern spotted owls is adequate consideration for the purpose of meeting the statutory requirements that are the basis for the consolidated cases captioned Seattle Audubon Society et al., v. F. Dale Robertson, Civil No. 89-160 and Washington Contract Loggers Assoc. et al., v. F. Dale Robertson, Civil No. 89-99 (Order granting preliminary injunction) and the case Portland Audubon Society et al., v. Manuel Lujan, Jr., Civil No. 87-1160-FR.
 
 
 18
 Although the Ninth Circuit held this language rendered the statute unconstitutional because it directed a specific result in two pending cases without repealing or amending existing environmental laws, the Court reversed, concluding the subsection, in fact, changed the law. Robertson, --- U.S. at ----, 112 S.Ct. at 1413. The Court reasoned the operation of the new subsection "modified the old provisions" and did not "direct any particular findings of fact or applications of law, old or new, to fact." Id. The statute did not pass on the "legal or factual adequacy" of administrative documents authorizing timber sales or "instruct courts" how to decide particular timber sales. Id.[5]
 
 
 19
 Similarly, Section 27A does not direct certain factual findings or impose a rule of decision for § 10(b) claims.[6] It changes the law. Axel Johnson, 790 F.Supp. at 476. "Section 27A merely turns back the legal clock to the period just prior to Lampf and then permits courts independently to adjudicate any reopened actions on the basis of the law as they determine it then existed." Adler v. Berg Harmon Assocs., 790 F.Supp. 1235, 1243 (S.D.N.Y.1992).
 
 
 20
 Indeed, Section 27A changes the law and was intended to change the law.[7] Before its enactment, all § 10(b) claims were governed by the one-year/three-year Lampf statute of limitations as applied retroactively by Beam. "Section 27A changed the law by limiting the one-year/three-year rule to prospective application only and by subjecting Section 10(b) claims filed prior to June 19, 1991 to the limitations period determined to be applicable by the court in which the action was filed." Berg Harmon, 790 F.Supp. at 1243.[8]
 
 
 21
 In enacting Section 27A, Congress exercised a key legislative power. Statutes of limitations traditionally reside in the legislative branch. "They have come into law not through the judicial process but through legislation. They represent a public policy about the privilege to litigate. Their shelter has never been regarded as what now is called a 'fundamental' right...." Chase Sec. Corp. v. Donaldson, 325 U.S. 304, 314, 65 S.Ct. 1137, 1142, 89 L.Ed. 1628 (1945). In this sense, our case more closely resembles United States v. Sioux Nation of Indians, 448 U.S. 371, 100 S.Ct. 2716, 65 L.Ed.2d 844 (1980), in which the Court affirmed Congress' power to enact legislation waiving the res judicata defense of a prior judgement. "Legislation to alter such a technical defense, and its application even to dismissed cases, goes far less to the heart of the judicial function than would a legislative attempt to reverse adjudications which had addressed the true merits of the disputes in question." Axel Johnson, 790 F.Supp. at 483.
 
 
 22
 It is this peculiar realm of legislative prerogative which nullifies defendants' additional contentions of denial of due process and equal protection, propped on the belief our prior dismissal gave them a vested right in a judgment that Congress cannot now annul. The constitutional test was stated in Chase Securities:
 
 
 23
 The Fourteenth Amendment does not make an act of state legislation void merely because it has some retrospective operation. What it does forbid is taking life, liberty or property without due process of law.... Assuming that statutes of limitation, like other types of legislation, could be so manipulated that their retroactive effects would offend the Constitution, certainly it cannot be said that lifting the bar of a statute of limitation so as to restore a remedy lost through mere lapse of time is per se an offense against the Fourteenth Amendment.
 
 
 24
 325 U.S. at 315-16, 65 S.Ct. at 1142-43 (quoted in International Union of Elec. Wkrs., AFL CIO, Local 790 v. Robbins & Myers, 429 U.S. 229, 243-44, 97 S.Ct. 441, 450-51, 50 L.Ed.2d 427 (1976)). In 27A, Congress evinced a legitimate purpose to protect the reasonable expectations of litigants who relied on established law in filing § 10(b) actions. Section 27A is rationally related to that legislative purpose.[9]
 
 
 25
 Finally, contrary to defendants' assertions, Beam was carefully crafted to garner a plurality to agree only that retroactive application of a rule of law announced in a case was a matter of a choice of law and not of constitutional import. Beam did not declare unconstitutional the practice of selective prospectivity as evidenced by Justice White's concurring opinion.[10]
 
 
 26
 Consequently, we hold § 27A constitutional. Plaintiffs timely moved to reinstate their claims under § 27A(b). We therefore reinstate the verdict with regard to the relief awarded for violations of § 10(b) and Rule 10b-5.
 
 III. Pretrial Ruling
 
 27
 With the resuscitation of plaintiffs' § 10(b) claims, an issue left unaddressed by our prior disposition under Lampf is resurrected. That issue, raised by defendants Kothe and Eagleton, Inc., (K & E) and E.M. Kunkel (Kunkel), asks whether the district court committed reversible error in reinstating § 10(b) and Rule 10b-5 claims against these two defendants. In a pretrial order, the district court had granted partial summary judgment for K & E and Kunkel on these claims. Seventeen days into the trial, close to the end of the plaintiffs' presentation of evidence, the district court reinstated the claims (R.V. 25, at 3874) without explanation or contemporaneous objection from K & E or Kunkel. The following day, however, the district court denied respective motions for a mistrial, rejecting without comment defendants' assertions of prejudice which, they claimed, could not be overcome at that stage in the trial.
 
 
 28
 On appeal, K & E and Kunkel press this contention, urging they proceeded to trial relying on the pretrial order designating only the Section 11 claim against them. Plaintiffs reply defendants were at all times aware of the factual allegations they intended to prove at trial, many of which implicated the elements of proof of a § 10(b) claim. Although K & E and Kunkel allege reinstatement caused them prejudice, plaintiffs maintain defendants failed to specify any witnesses who would have been recalled or were not fully cross-examined to substantiate their claim.
 
 
 29
 The answer to defendants' contention lies somewhere in the interstices of Fed.R.Civ.P. 54(b),[11] 56(d),[12] and 16(e),[13] governing judgments, summary judgments, and pretrial orders. Under Rule 56(d), summary adjudication of only some of the claims imposes a duty on the trial court to "if practicable" articulate what facts are established and which remain controverted. The final sentence of Rule 56(d) states: "Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly." In our case, the district court offered no explanation of the basis for granting partial summary judgment. Within the elaborate factual scenario plaintiffs set forth to establish their claims of securities fraud, we can only speculate about the alleged lack of proof on which the district court relied.
 
 
 30
 Nevertheless, the district court's order granting partial summary judgment for K & E and Kunkel on the § 10(b) claims is not a final judgment under Fed.R.Civ.P. 54(b). Under Rule 54(b), this order "is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Unless the district court makes the "express determination" under Rule 54(b) that "there is no just reason for delay" and the "express direction for the entry of judgment," partial summary judgment of fewer than all of the claims or parties "shall not terminate the action as to any of the claims or parties" and may be revised at any time before final judgment is entered on all of the claims and parties.
 
 
 31
 It follows ... that if the order which the court makes under Rule 56(d) is not a final judgment, but is an interlocutory order, the concluding sentence of Rule 56(d) would not prevent the trial court from altering its order as to what facts are established. Unless good cause is shown the court should not, of course, do so; but it surely has power to revise an interlocutory order that specifies which facts are established and which facts remain for trial.
 
 
 32
 6 J. Moore, W. Taggart, & J. Wicker, Moore's Federal Practice p 56.20[3.-4], at 56-707 (2d ed. 1992). A component of this power is Rule 16(e) which permits modification of the pretrial order "only to prevent manifest injustice."
 
 
 33
 Within the interplay of these rules, we must properly acknowledge the role of the trial judge, which is broadly circumscribed by the discretion to conduct the trial proceedings consistent with what plays out before the court, not inflexibly constrained by pretrial rulings which may not be borne out by the trial process. In certain circumstances, premature granting of a motion for partial summary judgment should not force the district court to pre-try the action. Moore's Federal Practice p 56.02, at 56-37. As the court noted in Audi Vision Inc. v. RCA Mfg. Co., 136 F.2d 621, 625 (2d Cir.1943):
 
 
 34
 It should be clearly recognized that orders of the district court of the type entered in this action below [partial summary judgment] are in essence only pre-trial orders, as explicitly provided for in Rule 16 and again in the summary judgment rule, Rule 56(d), when a complete summary judgment is not granted. But such an order is expressly subject to modification "at the trial to prevent manifest injustice." If the district court will take care in cases such as this to make it clear that its order is of the pre-trial type as authorized under these rules, the parties will then more fully recognize their rights and the court will have retained full power, as it should, to make one complete adjudication on all aspects of the case when the proper time arrives.
 
 
 35
 Under this analysis, we therefore hold the district court did not abuse its discretion in reinstating these claims. Under the circumstances of this case, the court's pretrial order was not final and hence subject to revision at any time.
 
 
 36
 Our holding the district court did not abuse its discretion in reinstating the § 10(b) and Rule 10b-5 claims against K & E and Kunkel is sobered by the voluminous record in this appeal. The multiple classes and numerous defendants involved in this multidistrict litigation consuming more than a decade spawned a hydra for the presiding trial judge. That the trial court chose to revise its prior order upon hearing the bulk of plaintiffs' evidence cannot now be second-guessed. Although we do not agree with plaintiffs' cavalier homogenization of Section 11 and Section 10(b) claims, we do not believe, under all of the facts and circumstances detailed in the record before us, that K & E and Kunkel have substantiated their claim of prejudice. Because of that circumstance, we hold the district court did not abuse its discretion in reinstating these claims. The judgment of the district court, therefore, is AFFIRMED in part and REVERSED in part.
 
 
 
 [1]
 Under Section 27A, to qualify for reinstatement plaintiffs must establish (1) their claims were filed on or before June 19, 1991; (2) at that time, their claims were timely under applicable limitary periods; (3) their claims were dismissed as untimely after June 19, 1991; and (4) their motion to reinstate was filed within 60 days of the enactment of § 27A
 
 
 [2]
 The more direct authority is Dzenits v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 494 F.2d 168, 171 (10th Cir.1974) (Oklahoma two-year statute applies which starts to run from the date of actual or constructive discovery of the fraud)
 
 
 [3]
 At that time, we applied state limitary periods to § 10(b) claims. On June 19, 1991, absent Lampf, Oklahoma's two-year statute of limitations running from the date of actual or constructive discovery of the fraud and incorporating principles of equitable tolling was applicable
 
 
 [4]
 In Klein, 80 U.S. at 128, the administrator of an estate seized during the War between the States, sued in the Court of Claims to recover the proceeds from property sold by government agents. Suit was based on the Abandoned and Captured Property Act of March 3, 1863, 12 Stat. 820, which permitted noncombatant property owners who could prove their loyalty to recover seized property. Later, President Lincoln issued a proclamation granting a full pardon to participants in the rebel cause who affirmed their loyalty, thus conditioning restoration of property rights upon the executive power to pardon. When the Supreme Court decided the Presidential pardon purged the offense and relieved the recipient of any penalties, United States v. Padelford, 9 Wall. 531, 76 U.S. 531, 19 L.Ed. 788 (1869), Congress introduced a proviso into the appropriation for the Court of Claims ordering that no pardon was admissible in evidence to support a claim against the United States or establish the right of a claimant to bring suit; or, if already introduced into evidence, to be considered either by the Court of Claims or court on appeal. Indeed, proof of acceptance of the pardon was deemed to be conclusive evidence of the acts pardoned requiring dismissal of the suit
 
 
 [5]
 Given this analysis, that § 318 amended applicable law, the Court declined to consider the application of Klein since the Ninth Circuit had stated if the statute changed the law, it would be constitutional
 
 
 [6]
 "Notably absent from § 27A, unlike the statute held unconstitutional in Klein, is a specific directive as to what evidence a court may consider in determining the timeliness of the suit's filing or the case's merits." Axel Johnson, Inc. v. Arthur Andersen & Co., 790 F.Supp. 476, 479 (S.D.N.Y.1992); see also Adler v. Berg Harmon Assocs., 790 F.Supp. 1235 (S.D.N.Y.1992)
 
 
 [7]
 Plaintiffs cite extensive legislative history incorporating SEC concerns and news articles decrying Lampf 's shortening of the statute of limitations and its unfair retroactive application. See, e.g., Barbara Roper, Stop the Clock on Swindlers, N.Y. Times, Nov. 19, 1991. During the Senate debate Senator Richard Bryan stated:
 Lampf changed the rules in the middle of the game for thousands of fraud victims who already had suits pending--applying a shorter statute of limitation than when they brought their suits.
 ....
 In effect, this provision in S. 543 overrules the retroactive effect of Lampf and applies the law as it would have been applied in particular circuits the day before the Lampf decision was decided. That would of course include interpretative principles such as retroactivity and equitable tolling.
 
 
 [137]
 Cong.Rec. 18624 (daily ed. November 27, 1991)
 
 
 [8]
 In Bankard v. First Carolina Communications, Inc., 1992 WL 3694, * 6 (N.D.Ill. Jan. 6, 1992), the district court noted, "Congress has changed the law. It might seem otherwise only because instead of delineating fully the change of law, Congress has made the change by reference, incorporating the prevailing law in the applicable jurisdiction."
 
 
 [9]
 We reject defendants' equal protection argument that it is irrational for Congress to permit courts to treat people in one state differently from those in another with respect to a statute of limitations defense. As we have noted in the first instance, limitary defenses are a matter of legislative grace. Defendants make too much of this technical defense. Similarly, defendants' urging § 9(e) is a preemptive statute of limitations is irrelevant to the analysis of the constitutionality of Section 27A
 
 
 [10]
 Justice Souter stated:
 The grounds for our decision today are narrow. They are confined entirely to an issue of choice of law: when the Court has applied a rule of law to the litigants in one case it must do so with respect to all others not barred by procedural requirements or res judicata. We do not speculate as to the bounds or propriety of pure prospectivity.
 --- U.S. at ----, 111 S.Ct. at 2448.
 
 
 [11]
 Fed.R.Civ.P. 54(b) states:
 Judgment Upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
 
 
 [12]
 Fed.R.Civ.P. 56(d) states:
 Case Not Fully Adjudicated on Motion. If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.
 
 
 [13]
 Fed.R.Civ.P. 16(e) states:
 Pretrial Orders. After any conference held pursuant to this rule, an order shall be entered reciting the action taken. This order shall control the subsequent course of the action unless modified by a subsequent order. The order following a final pretrial conference shall be modified only to prevent manifest injustice.