**Ed PLAUT, His Wife, et al.,
Plaintiffs–Appellants,**

v.

**SPENDTHRIFT FARM, INC., et
al., Defendants–Appellees.**

No. 92–5591.

United States Court of Appeals,
Sixth Circuit.

Oct. 14, 1993.

Before KEITH and BATCHELDER, Circuit Judges; and CHURCHILL,* District Judge.

### ORDER

PRIOR REPORT: 1 F.3d 1487

The court having received two petitions for rehearing en banc, and the petitions having been circulated not only to the original panel members but also to all other active judges of this court, and less than a majority of the judges having favored the suggestion, the petitions for rehearing have been referred to the original hearing panel.

The panel has further reviewed the petitions for rehearing and concludes that the issues raised in the petitions were fully considered upon the original submission and decision of the case. Accordingly, the petitions are denied.

---

* Hon. James P. Churchill, Senior United States District Judge for the Eastern District of Michigan, sitting by designation.

1. See, e.g., TGX Corp. v. Simmons, 997 F.2d 39 (5th Cir.1993); Cooke v. Manufactured Homes, Inc., 998 F.2d 1256 (4th Cir.1993); Cooperativa de Ahorro y Credito Aguada v. Kidder, Peabody & Co., 993 F.2d 269 (1st Cir.1993); Berning v. A.G.

KEITH, Circuit Judge, dissenting from the denial of the petitions for rehearing en banc.

Because this case presents one of the rare instances where en banc review is proper, I dissent from the denial of the petitions for rehearing. In this case, en banc review was proper and necessary to resolve a "question of exceptional importance." Fed.R.App.P. 35(a)(2). The invalidation of an act of Congress by a Court of Appeals certainly warrants review by the full Court.

En banc review is especially proper where the majority invalidates an act of Congress in the face of directly opposite authority which, in turn, creates a circuit split. Presently, ours is the lone circuit to hold § 27A unconstitutional. Moreover, this circuit relied upon flawed authority and ignored sister circuits' reasoning in concluding that § 27A represents an unconstitutional violation of separation of powers.

Before oral argument in Plaut, seven circuits upheld the constitutionality of § 27A.[1] The majority argued these cases specifically dealt with 27A(a) and therefore did not place "a blanket imprimatur on § 27A in its entirety." Plaut, et al. v. Spendthrift Farm, et al., 1 F.3d 1487, 1493 (6th Cir.1993). The constitutional analysis in these cases, however, concluded that in enacting § 27A, Congress did provide new legislation which overrode prior judicial interpretations rather than upsetting final judgments. Although Plaut's facts are distinguishable from some of these cases, the issue of the constitutionality of the congressional enactment is identical.

In concluding that § 27A "comes as a camel, one that has forcibly and quite unapologetically thrust its nose into the tent of the judicial branch," the majority misapplied the rule in Hayburn's Case, 2 U.S. (2 Dall.) 408, 1 L.Ed. 436 (1792). The statute invalidated

Edwards & Sons, Inc., 990 F.2d 272 (7th Cir. 1993); Gray v. First Winthrop Corp., 989 F.2d 1564 (9th Cir.1993); Anixter v. Home–Stake Production Co., 977 F.2d 1533 (10th Cir.1992), cert. denied, —— U.S. ——, 113 S.Ct. 1841, 123 L.Ed.2d 467 (1993); Henderson v. Scientific–Atlanta, 971 F.2d 1567 (11th Cir.1992), cert. denied —— U.S. ——, 114 S.Ct. 95, 126 L.Ed.2d 62 (1993).

in *Hayburn's Case* authorized the Secretary of War to review, and revise, Article III pension award judgments. There, the Supreme Court stated that neither the Executive nor Congress can "sit as a court of errors." 2 U.S. at 410, 1 L.Ed. 436. In *Plaut* the majority specifically found § 27A "revised" a judicial decision and violated the rule in *Hayburn's Case.*

Section 27A, however, presents a very different situation from the statute involved in *Hayburn's Case.* For two hundred years, the Supreme Court has held that Congress may impose new legal rules applicable in pending cases. *United States v. Schooner Peggy,* 5 U.S. (1 Cranch) 103, 110, 2 L.Ed. 49 (1801). Section 27A represents a new legal rule which Congress imposed on pending cases. Specifically, Congress disagreed with a judicial interpretation of a statute of limitations and enacted § 27A to give plaintiffs affected by the faulty interpretation a 60–day window to reinstate their claims. As the Seventh Circuit held,[2] and I stated in my original dissent, § 27A(b) "is an example of Congress permissibly overriding a judicial interpretation of a statute without violating principles of separation of powers." *Plaut,* 1 F.3d at 1500 (Keith, *dissenting.*) The denial of rehearing *en banc* to resolve the above issues was unfortunate and improper.

---

**2.** *See, Tonya K. ex rel. Diane K. v. Board of Education,* 847 F.2d 1243, 1247 (7th Cir.1988), cited in, *Berning v. A.G. Edwards & Sons, Inc.,* 990 F.2d 272 (7th Cir.1993) (holding 27A constitutional).