But
 

 the Court'
 

 being divided in opinion on that queftion, . the motion, made
 
 ex officio,
 
 was not allowed.
 

 The Attorney General then changed the ground of his inter-pofition, declaring it to be at the inftance, and on behalf of
 
 Hay-hum,
 
 a party interefted ;. and he entered into the merits of
 
 the
 
 cafe,, upon the aft of Congrefs, and the refufal.of the Judges to carry it into effeft,
 

 The Court obferved, that they would hold the motion. . under advifement, until the next ■ term ; but no decifion was-Over pronounced,' as the. Legiflat-ure, at an an intermedi
 
 *410
 
 ate feffion; provided, in another Way, for the relief of the penfioners.
 
 †
 

 3R.ULB.
 

 
 *411
 
 Rule..
 

 THE' Attorney Genera! having moved for information, relative to the fyftem of practice by which the Attornies and Counfellors of this court íhall regulate them (elves, and of
 
 *412
 
 the place in which rules in caufes here depending íháll be obtain* ed, the Chief Justice, at a fubfequent day, Rated, that
 

 
 *413
 
 The Court coniidets the practice of the courts of
 
 King's Bench
 
 and
 
 Chancery
 
 in England, as affording ■ outlines for the
 
 *414
 
 prañice of this court; and that they will, from time to time, make fuch alterations therein, as circumftances may render ne-ceflarjr
 

 †
 

 See an aft-palled the 28th Feb; 1793—As the reafotis affigned by the Judges, /or declining to execute the firft ait of Congrefs, involve a great Conftitutional queftion, it will not be thought improper to fubjoin them, in illuftration of
 
 Hayburn’s
 
 cafe. •
 

 The Circuit court for the diftrift of New-'York (confiding of Jat,
 
 Chief Justice,
 
 Cushing,
 
 Justice,
 
 and Duane", Diftrift Júdge) proceed-e 1 on the 5 th of April, 1791, to take into conlideration the aft of Congrefs entitled “ An act to provide for the fettlement.of the claims “ of widows and orphans barred by the limitations heretofore efta- « bliihed, and to regulate the claims to invalid penfions j” and were, thereupon, unanimoully, of opinion and agreed,
 

 « That by. the Conftitution of the United States, the government thereof is divided into
 
 three
 
 diftinct and independent branches, and that it is the duty of each to abftain from, and to oppoie, encroachments on either.
 

 •“ That neither the
 
 Legislative
 
 nor the
 
 Executive
 
 branches, can conftitutionally affign to the
 
 Judicial
 
 any duties,.but fuch as are properly judicial, and to be performed' in a judicial manlier. •
 

 "That the duties affigned to the Circuit courts, by this act, are not of that defcriptionp and that the act itfelf d.oes not appear to contemplate them as fuch ; in as much as itfubjects the deciGonsof-thefe courts, made purfuant to thofe duties, firft to the conlideration and fulpetlfio'n of the Secretary at War,.and then to the revifion of the Legiilature : whereas by the Conftitution, neither the Secretary, at War, nor any other Executive officer, nor even the Legiflature, are authorized to fit as a court of errors on the judicial acts or opinions of this court.
 

 “ As, therefore, the bufinefs affigned to this court, by the act, is. not'judicial, nor directed to be performed judicially, the act can only be confidered as appointing commiffioners for the purpofes mentioned in it, by
 
 official
 
 inftead of
 
 personal
 
 deferiptións.
 

 “ That the Judges of this court regard- themfelves as being the commiffioners defignated by' the act, and therefore as being at liberty to accept or decline that office.
 

 “ That as the objects'6f this act are exceedingly benevolent, and do real honor to the humanity and juftice of Congrefs; and as the Judges delire to manifeft, cn all proper occafions, and in every proper manner, their high refpect for the National Legiflature, they will execute this act in the capacity of commiffioners.
 

 “ That as the Legiilature have a right to extend the feffion of this court for any term, which they may think proper by law to affign, the term- of five days, as directed by this act, ought to lie punctually ohfervfed.
 

 “ That the. Judges of this court will,; as ufual,- during the feffion, thereof, adjourn the court from day to day,'or other fliort periods, as c ircumftanc.es may render proper, and that they will, regularly, be.tweea 1 lie adjournments, proceed as commiffioners to execute the bufusels ot this aft in the fame court room, cr chamber.’
 

 
 *411
 
 The Circuit court for the diftrift of Pentifylvania, (confiding of Wilson, and Bla-ib, Justices, and Peters, Diftrift Judge) made the following r'eprefentation, in a letter jointly addreffed to the Prefident of the United States, on the 18th cf April,. 1792.
 

 ' “ To you it officially belongs to- “ take care that the laws” of the United States “ be faithfully executed.” Beforeyou, therefore, we think it our duty to lay the fentinients, which, on a late-painful oc-cafion, governed-us with regard to an aft paffed by; the legiflature-of the union.
 

 “. The people of the United States have veiled in Congrefs all
 
 legislative powers
 
 “-granted in the conftitution.”
 

 “ They have veiled in one Supreme court, and in fuch inferior courts as the Congrefs íhall. eftablifli,, “ the
 
 judicial
 
 power of the United States.” ■
 

 “ It'is worthy of remark, that in Congrefs. 'the
 
 whole
 
 Iegiflative power of the United States is not veiled. An important part of that power was.exercifed by the people themfelves, when they “ ordained and eflabliihed the Conftitution.”
 

 “ This Conftitution is “ the Supreme Law of the Land.” . This fopreme law “all judicial officers of .the United States are bound, by oath or affirmation, to fupport.”-
 

 “ It is a principle important to freedom,' that in government, the
 
 judicial
 
 ffipuld.be diftinft from, and-independent of, the leg ¡ilativo de-. partment. To this important principle the people of the United States, in formingtbeir Conftitution, have manifeile'd the higheilregard.
 

 “ They have placed-their
 
 judicial
 
 power not in Congrefs, but in “
 
 ■courts.'”-
 
 They have- ordained that the “ Judges of -tbofe courts-íhall hold their, offices during good behaviour,” and that “during-their continuance in office, their falaries ftiall not be diminiihed.”
 

 “ Congrefs have lately paffed an aft, to. regulate, among other tilings, “ the claims to invalid penfions.”
 

 “ Upon due c.onfidera-tion, we have been unanimotifly of opinion, that, under this áft, the Circuit courtheld for-the Pennfylvania dif-•trift could not proceed;.
 

 “ ill. Becaufe the bufinefs direfled by this aft is not of a-judicial nature. It forms no part of the power veiled by the Coni! itution -in the courts of the United States; the Circuit court muff, confequently, have proceeded
 
 skit bout
 
 conilitutionfLauthority.
 

 “ ad. Becaufe, if, upon that bufinefs, the court had proceeded, its
 
 judgments
 
 (for its
 
 opinions
 
 are its judgments) might, under the lame aft, have been revifed and controuled by the legiilatufe, and by an officer in the executive department; Such revifion and c’ontroul we-deemed radically incoiiiiiterst with the independence of that judiciaL power, which is veiled in the .courts j and, confequently, with that ⅛
 
 *412
 
 portant principle which is fo flriftly obferved by the Conditution of the United States.
 

 “
 
 Thefe, Sir, are thé reafons of our condo ft. Be allured that, though it .became neceifary, it was far from being plea fan t. To be obliged to aft contrary, either to the obvious direftions of Congrefs, or to a conttitutional principle, in our judgment equally obvious, excited feelings in us, -which we hope never to experience again.”
 

 The Circuit court for the diitrift of North Carolina, (confiding of Iredell, Justice, and Sitgreaves, Diitrift judge) made the following reprefentation in a letter jointly addreffed to the Prefident of the United States, on the 8th of June, 1792.
 

 “ We, the judges now attending at the Circuit court of the United States for the diitrift of North Carolina, conceive it our duty to lay before you fome important obfer/vations which have occurred to us in the Confideration of an aft of Congrefs lately palfed, entitled “ an aft to provide for the fettlement of the claims of widows and. orphans barred by the limitations heretofore eitabliihed, and to regulate the claims to invalid peniions.
 

 “
 
 We beg leave to premife, that it is as much our inclination, as it is our duty, to receive with all poffible refpeft every aft of the Le-giilature, and that we never can find ourfelves in a more painful fitu-ation than to be obliged to objeft to; the execution of any, more efpe-cially to the execution of one founded on the pureft principles of humanity and juftice, Which the aft in queftion undoubtedly is. But, however lamentable s difference in opinion really.may be, or with whatever difficulty we may have formed an opinion, we are under the indifpenfable neceffity of afting according to the bed diftates of our own judgment, after duly weighing
 
 {¡very
 
 confideration that can occur to us
 
 ;
 
 which we have done on the prefent occafion.
 

 “ The extreme importance of the cafe, and our defireof being explicit beyond the danger of being mifunderffood, will, we hope, juf-tify us inflating our obiervations in a fyflematic manner. Wc therefore, ..Sir, iubmit to you the following-
 

 “ 1. That the Legiilative, Executive, and Judicial departments, aré each formed in a ieparare and independent manner ; 'and that the ultimate Dafis of each is the Conditution-only, within the limits of which each department can alone judify any ait of authority.
 

 “ 2. That the Legiflature, among other important powers, unquef-tionably poffefs that of edablilhing courts in fuch a manner as totheir wifdom ihall appear bed, limited by the terms of the conilitution only; and to whatever extent that power may be exercifed, or however leyere the duty they may think proper to require, the Judges, when appointed in virtue of any fuch eftablifhment, owe implicit arid unre-lerved obedience to it.
 

 “ 3. That at the fame time fuch courts cannot be warranted, as we conceive, by virtue of that part of the Conditution delegating
 
 judicial power,
 
 for the exercife.'of which-any act of the legidature is provided, in e^ercifing (even under the authority of another art)
 
 *413
 
 any power not in its nature
 
 judicial,
 
 or, if
 
 judicial,
 
 not provided for upon the terms the Confutation requires.
 

 • “ 4. That whatever doubt may be fuggefted, whether the power in queflion is properly of a judicial nature, yet inafmuch as the decilion.. of the court is not made final, but may be at leaf! fufp.ended in' its •operationby the Secretary at War, if he fhall have caufe tofufpect impofition or miftake ; this fubjects the decifion of the court to a mode of revilion which we confider to be unwarranted by the Conl'i-tution ; for, though Congrefs may certainly eítóbliíli, in inftances not yet provided for, courts of appellate juril’diction, yet fuch courts mult confift of judges appointed in the manner the Coriftiuition requires, ■ and holding their offices by no other tenure than that of their good behaviour, by which tenure the office of Secretary at War is not held. And we beg leave to add, with all due deference, that no deci- • fion of any court of the United States can, under any circumflances, in cur opinion, agreeable to the Conilitution, be liable to a reverfion, or even fiifpenfion, by the Legiflature itfelf, in whom no judicial power of any kind appears to be-veiled, but the important one relative'to impeachments.
 

 s‘ Thefe, fir, are our reafons for being of opinion, as we are atpre-fen't, that this Circuit court cannot be juftified in the execution of that part of the act, which requires it to examine and report an opinion on the unfortunate cafes of officers and foidiers-difabled in the fervice of the United States. The part of the act requiring the court to fit five days, for the purpoie of receiving applications from fuch perfons, we fhall deem it our duty to comply with; for,.whether in our opinion-fuch purpofe can or cannot be anfwered, it is, as we conceive, our indifpenfable duty to keep open any court of which we have the honor ’ to fee judges, as long as Congrefs fhall direct.
 

 “ The high refpect we entertain for the Legiflature, our feelings as men for perfons, whofe fituation requires the earlieft, as well as the . moft effectual relief, and our fincere delire to promote, whether officially or otherwife, the juft and benevolent views of Congrefs, locon-fpicuous on the prefent as well as on many other occafions, have indu- . ced us to reflect, whether we could be juftified in acting,’ under this act, perfonally in the character of commiffioners during the feflion of a .court; and could wé be fatisfied that we had authority to do for wc would cheerfully devote fuch part of our time-as might be necelfary for the performance of the fervice. But we contéis we have great doubts on this head. The powerappears to be given to the court on-1
 
 ji
 
 and not to the Judges of it; and as the Secretary at War has not a difcretion in all inftances, but only in thofe where lie has caufe to . fufpect impofition or millake, to with-hold a perfon recommended by' the court from being named on the penllon lilt, it would be necelfary for us to be well perfuaded we pafleíled inch an authority, before we. exercifedapower, which might be a means of drawing money out of the public treafury as effectually as an exprefs appropriation by law. Wé do not mean, however,- to precliide ourfelves from a very, delibe
 
 *414
 
 rate eonficleratibn, whether we can-be warranted'in executing the-purpofes of the act in that manner, in cafe an application ihould.be made..
 

 "No application has yet been.made to-the court, or to ouifelves-individually, and therefore we have had forne doubts as to the propriety of giving an opinion in a cafe which.lias not yet come regularly and judicially before us.. None can be more fanfible than.we are of the neceility of judges being-, in general.extremely cautious in not intimating an opinion in any cafe-extra-judiciaíiy, bécaufe we well know how liable the belt minds are, notwithftan ding, their- utmoft care, to a bias, which may ar.ife from a pre-conceived opinion, even unguardedlyi smith more deliberately, given : But in the prefent inflance, as many unfortunate and meritorious individuals, whom Congrefs have juftly thought proper objects of immediate relief, may fuffer great diftrefs even by a ihort delay, ánd maybe utterly ruined by a long one,.we determined at all events to make our fentiments known , s early as poffi-ble, confidering this as a cafe which mud be deemed an exception to the general rule, upon every principle of humanity and juftice-; refol.ving however, that fo far as we are concerned individually, in cafe an application fbould be- made, we will moft attentively' hear it; and if we can be convinced, this opinion is a wrong one, we fhall not hefitate to act accordingly, being as far from the weak-, oefs of fuppofing that there is- any reproach in- having- committed an error, to which the greateft and belt men are fometimes liable, as we fhould be from fo low a fenfe of duty,, as to-think it would -not be the higheft and moil deferved reproach that could be be-flowed on any men (much' more on Judges) that they were- capable, from any motive, of perfes ering agsinft conviction, in apparently maintaining an opinion, which they realty thought to. fce-errcneous.”' -