## MACTAVISH v. MILES, Internal Revenue Collector.

### (District Court, D. Maryland. January 17, 1920.)

### No. 187.

1. INTERNAL REVENUE ⬳45—JUDGE INVESTIGATING CIRCUMSTANCES OF PENALTY UNDER STATUTE DOES NOT ACT JUDICIALLY.

Under Rev. St. § 5292 (Comp. St. § 10130), authorizing any person incurring a penalty under laws imposing duties or taxes to apply to the judge of the District Court, who is thereby required to inquire into the circumstances of the case, and report to the Secretary of the Treasury, the judge acts in the capacity of a special commissioner, in an administrative, and not in a judicial, position.

2. INTERNAL REVENUE ⬳45—INVESTIGATION OF CIRCUMSTANCES OF PENALTY IS OPTIONAL WITH DISTRICT JUDGE.

The investigation and report of the circumstances surrounding the imposition of a penalty, under Rev. St. § 5292 (Comp. St. § 10130), is no part of the judicial duties which Congress may require of a District Judge, and it is optional with the judge whether he will act or not.

3. INTERNAL REVENUE ⬳45—INVESTIGATION OF CIRCUMSTANCES OF ALLEGED PENALTY REFUSED.

Where there is a dispute, dependent on the construction of the statutes, as to whether interest collectible under Act Sept. 8, 1916, § 204 (Comp. St., § 6336½e), on an estate tax not paid within one year, is a penalty, within Rev. St. § 5292 (Comp. St. § 10130), the District Judge will decline to make the inquiry provided for by that section, as he would have no power to pass on anything but questions of fact.

Proceeding by Emily Caton Mactavish against Joshua W. Miles, as Collector of Internal Revenue. Petition dismissed.

Charles J. Bonaparte, of Baltimore, Md., for plaintiff.
Samuel K. Dennis, U. S. Atty., of Baltimore, Md., for defendant.

ROSE, District Judge. Emily Caton Mactavish, administratrix c. t. a. of Mario Mayo Mactavish, has filed this petition. She says that her decedent, who was a Carmelite nun, died on the 17th of April, 1917, in a convent of that order in Brussels, then in the military occupation of Germany, with which this country was at the time at war; that because of the difficulties and delays of communication in wartime, and of other circumstances set forth, it was not until the 14th of May, 1919, that letters of administration with the will annexed were granted by the orphans' court of Baltimore City to the petitioner, and because of the fact that a large part of decedent's estate consisted of interests in common with other members of her family, it was not until the 30th of September, 1919, that she was able to make the return required by Act Sept. 8, 1916, c. 463. In consequence, the collector of internal revenue required her to pay, in addition to the tax, the sum of $1,025.51, as interest thereon at the rate of 10 per cent. per annum from the time of the decedent's death until February 25, 1919, and thereafter at 6 per cent. per annum until the return was made.

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Section 204 of the Act of 1916 (Comp. St. § 6336½e) provided:

"The tax shall be due one year after decedent's death. * * * If the tax is not paid within ninety days after it is due interest at the rate of ten per cent. per annum from the time of the decedent's death shall be added as part of the tax."

From the time the act of February 24, 1919, (section 406), became effective, the interest rate was reduced to 6 per cent. per annum. She alleges that this exaction, although called interest in the statute and by the collector, is in fact a penalty. She asks that I summarily investigate the facts set out in the petition, and report them to the Secretary of the Treasury in the manner and form required by section 5292 of the Revised Statute (Comp. St. § 10130).

[1, 2] Contrary to what Mr. Justice Story, while on circuit, said in The Margaretta, 16 Fed. Cas. 719, No. 9,072, and Judge Ware in The Palo Alto, 18 Fed. Cas. 1062, No. 10,700, Hayburn's Case, 2 Dall. 409, 1 L. Ed. 436, U. S. v. Yale Todd, 13 How. 52, note, 14 L. Ed. 47, note, and U. S. v. Ferreira, 13 How. 40, 14 L. Ed. 42, make it clear that anything a judge does under a petition like the one before me is in the capacity of a special commissioner, in an administrative, and not in a judicial, position. Whether a judge will or will not act as such commissioner is optional with him. It is not part of the judicial duties which Congress may require of him. Judges have frequently acted under the statute, constrained doubtless by the feeling that it is the only opportunity afforded by law for obtaining remission of what may have been an unjust exaction. Petrel Guano Co. v. Jarnette (C. C.) 25 Fed. 675.

Legislation of recent years has withdrawn most, if not all, the customs penalties from the operation of this statute. 29 Op. Attys. Gen., 261. It is an anomalous proceeding. The Secretary of the Treasury cannot remit without findings of fact by the judge, but he may refuse to remit, no matter what those findings may be. It would appear that a judge should not act unless there is some probability that his so doing will be of some use to somebody.

[3] In this case the United States says that which the petitioner says is a penalty is not, and that therefore the statute has no application. Whether it is or not involves both a construction of the original statute and of the act of 1916. It is clear that the judge in this proceeding has no power to pass on anything but the questions of fact.

Under all the circumstances, I must decline the office of special commissioner in this matter.