DONALD ALLAN, PROSECUTOR, v. FRANK DURAND, STATE AUDITOR OF THE STATE OF NEW JERSEY, AND ALFRED E. DRISCOLL, GOVERNOR OF THE STATE OF NEW JERSEY,, RESPONDENTS.

Argued January 21, 1948—Decided March 11, 1948.

Before Justices DONGES, COLIE and EASTWOOD.

For the prosecutor, *John J. Clancy*.

For the respondents, appearing specially, *Russell E. Watson*.

The opinion of the court was delivered by

EASTWOOD, J.   Prosecutor seeks a writ of *certiorari* to review the action of Governor Alfred E. Driscoll in dismissing and removing him from his offices as Superintendent of Elections and Commissioner of Registration of Hudson County, New Jersey, on the grounds that the prosecutor, during the course of his official acts for the year 1946, exceeded the statutory budgetary allowances for the operation of his offices in an amount totaling $37,491.16, and thereby committed malfeasance justifying his dismissal and removal. Alfred E. Driscoll, Governor of the State of New Jersey, and Frank Durand, State Auditor of the State of New Jersey, respondents, appear specially, asserting that this court is, for the reasons hereinafter enumerated, without jurisdiction to entertain prosecutor's application.

On November 20th, 1947, the respondent Frank Durand, the State Auditor of the State of New Jersey, instituted proceedings before Governor Driscoll by filing with the Governor his report of an examination and audit, made pursuant to *R. S.* 52 :24–7, of the accounts, reports and statements of the expenditures in the offices of Superintendent of Elections and Commissioner of Registration of the County of Hudson, New Jersey, for the calendar year 1946, and of other documents and records relating thereto.   The State Auditor's report to the Governor charged that Donald Allan as such Superintendent of Elections and Commissioner of Registration of Hudson County "did incur and expend, in and for the calendar year one thousand nine hundred and forty-six, as and for expenses in the operaton of each of your said offices, sums in excess of the respective maximum amounts permitted by law to be incurred and expended in and for said year as and for such expenses, thereby committing acts of malfeasance in your said offices; which charges, if true, constitute ground for your removal from such offices of Superintendent of Elections and Commissioner of Registration of Hudson County as provided by law."   A written notice of the time and place

fixed for the hearing of the charges, together with a copy of the State Auditor's report, were served upon Donald Allan on December 5th, 1947. Governor Driscoll proceeded to hear the matter on December 12th, 1947, at which hearing Donald Allan appeared and was represented by counsel. As the result of the hearing Governor Driscoll found that the charges of malfeasance against Donald Allan had been sustained, and accordingly issued the order of dismissal and removal above referred to.

Prosecutor, in his application for the writ, raises three grounds upon which the action of Governor Driscoll in removing him and dismissing him from his offices is said to be erroneous. They are: (1) that there is no authority in the State Auditor or in the Governor to pursue the course here followed: (2) that in the absence of a statute or a constitutional provision for removal, the only method of removal is that provided by the impeachment provisions of the constitution; and (3) that the charge of malfeasance on the part of the prosecutor was not proved.

The Governor appears specially on this application and challenges the jurisdiction of this court to allow a writ of *certiorari* to review his action in dismissing and removing the prosecutor from office, on the ground that his action constitutes a valid exercise of the executive power of the state government not subject to review. It is claimed on his behalf that he occupies a branch of the state government co-ordinate and equal to the legislative and judicial branches thereof, and that the judicial power does not extend to and include a review of the action complained of. We think this point well taken.

The Constitutions of 1844 and 1947 both provide in article III, section 1, that the powers of the government shall be divided among three distinct branches, the legislative, executive, and judicial; and that no person or persons belonging to or constituting one branch shall exercise any of the powers properly belonging to either of the others, except as expressly provided in the constitution. The courts have no power to pass upon any matter unless essentially judicial functions are to be employed, or unless they have express legal authority

so to do. The doctrine of the separation of the powers of government has been expressed in a long line of decisions of the United States Supreme Court of which the following are typical: *Butterworth* v. *United States,* 112 *U. S.* 50; 5 *Sup. Ct.* 25; 28 *L. Ed.* 656, opinion by Mr. Justice Matthews; *United States* v. *Duell,* 172 *U. S.* 576; 19 *Sup. Ct.* 286; 43 *L. Ed.* 559, opinion by Mr. Chief Justice Fuller. The United States Supreme Court in commenting upon the statute under review in *United States* v. *Duell* enunciated the rule that where no appeal from the action complained of is expressly given, such fact is conclusive that none is to be implied. The courts will not be the instrument for the performance of ministerial acts which may be subject to review by certain administrative officials. See *Hayburn's Case* (1792), 2 *Dall.* 409; 1 *L. Ed.* 436, for an early expression of the rule that it is the duty of the legislative, executive and judicial branches of government, as distinct and independent branches, to abstain from and to oppose encroachments on either. See, also, *United States* v. *Ferreira,* 13 *How.* 40; 14 *L. Ed.* 42, opinion by Mr. Chief Justice Taney. Where the highest administrative official has rendered his decision and final determination has been vested, as here, by statute in an administrative officer the court has no power to pass upon such officer's action unless expressly authorized so to do. *United States* v. *Ju Toy,* 198 *U. S.* 253; 25 *Sup. Ct.* 644; 49 *L. Ed.* 1040, opinion by Mr. Justice Holmes. *United States* v. *Ju Toy* is likewise authority for the proposition that the vesting of the power of final determination in an administrative official, as here, is not a denial of due process of law. See, also, *State (Gledhill, Prosecutor)* v. *The Governor,* 25 *N. J. L.* 331; *Bischoff* v. *Charles Edison, Governor,* 128 *Id.* 413; 26 *Atl. Rep.* (2d) 427.

We hold that the action of the Governor was within his exclusive province as the chief executive officer of this state and that his action is not reviewable as a proper exercise of the judicial function of this court. There being no justiciable question before us, we have no alternative except to deny prosecutor's application.

The application is, therefore, denied.