NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**WILLIAM R. IRWIN,**
*Claimant-Appellant,*

v.

**SLOAN D. GIBSON,**
**Acting Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2013-7113

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 11-683, Judge Robert N. Davis.

---

Decided: July 23, 2014

---

KENNETH M. CARPENTER, Carpenter, Chartered, of Topeka, Kansas, argued for claimant-appellant. On the brief was SEAN A. RAVIN, of Washington, DC.

SHARI A. ROSE, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With her on the brief were STUART F. DELERY, Assistant Attorney General, BRYANT G. SNEE, Acting Director, and SCOTT D. AUSTIN, Assistant Director. Of

counsel on the brief were Y. KEN LEE, Deputy Assistant
General Counsel, and RACHAEL T. BRANT, Attorney,
United States Department of Veterans Affairs, of Wash-
ington, DC.  Of counsel was MICHAEL J. TIMINSKI, Deputy
Assistant General Counsel.

———————

Before NEWMAN, REYNA, and HUGHES, *Circuit Judges*.

HUGHES, *Circuit Judge*.

William R. Irwin seeks entitlement to a total disabil-
ity rating based on individual unemployability (TDIU)
from a service-connected right knee injury.  The Depart-
ment of Veterans Affairs and the Board of Veterans'
Appeals initially failed to consider Mr. Irwin's TDIU
claim.  Mr. Irwin appealed this failure to the United
States Court of Appeals for Veterans Claims, seeking
remand to the Board.  While Mr. Irwin's appeal was
pending before the Veterans Court, the VA initiated an
investigation into Mr. Irwin's TDIU claim and presented
evidence of this newly opened investigation to the Veter-
ans Court.  Relying on this evidence, the Veterans Court
ruled that the Board's previous failure to address Mr.
Irwin's TDIU claim constituted harmless error.  Because
the Veterans Court generally may only consider the
record of proceedings before the VA and the Board, it
erred by considering this new evidence not previously of
record.  We reverse and remand.

I

Mr. Irwin served honorably on active duty in the
United States Air Force from July 1966 to July 1970.  In
January 1987, the Veterans Administration[1] granted Mr.

———————

[1]    The Veterans Administration became the De-
partment of Veterans Affairs in 1989.  We refer to both
entities as the "VA."

Irwin service connection for synovitis of the right knee but found that he was not entitled to compensation for his injury. In January 2004, Mr. Irwin filed a claim for increased compensation for his knee injury. Six months later, the VA granted him a 10 percent disability rating for his injury.

Mr. Irwin appealed to the Board, seeking an increased rating. The Board denied his request. Mr. Irwin appealed to the Veterans Court, which vacated the Board's decision and remanded his case for further development. On remand, Mr. Irwin argued that he was entitled to both an increased rating and TDIU. A Regional Office conducted a new medical examination but denied Mr. Irwin's request for an increased rating. The Regional Office did not address his claim for TDIU. Mr. Irwin appealed to the Board. In November 2010, the Board denied his request for an increased rating but failed to address his TDIU claim.

Mr. Irwin again appealed to the Veterans Court. In September 2011, Mr. Irwin filed an opening brief arguing that he is entitled to an increased disability rating and that the Board erred by failing to consider his TDIU claim. In December 2011, the VA filed a responsive brief acknowledging that the VA erred by failing to consider Mr. Irwin's TDIU claim. The VA argued, however, that the error was harmless, because a Regional Office had opened an investigation into Mr. Irwin's TDIU claim a few weeks before the VA filed its responsive brief.

In January 2012, Mr. Irwin moved to strike this new evidence of the TDIU investigation because it was not presented to the Regional Office or the Board. The Veterans Court granted his motion. After the VA subsequently suggested that Mr. Irwin's TDIU claim had become moot, however, the court granted the VA leave to discuss this new evidence in a sur-reply.

In February 2012, while Mr. Irwin's appeal was pending before the Veterans Court, the Regional Office completed its TDIU investigation. It found that Mr. Irwin was not entitled to TDIU. Mr. Irwin separately appealed that decision to the Board, where it is currently pending.

In February 2013, the Veterans Court affirmed the Board's November 2010 decision that Mr. Irwin was not entitled to an increased disability rating. *Irwin v. Shinseki*, No. 11-0683, 2013 WL 627001 (Vet. App. Feb. 21, 2013). Although the court acknowledged that the Board had erred by failing to consider Mr. Irwin's TDIU claim, it held that the error was harmless. *Id.* It did not address whether Mr. Irwin's claim had become moot. *Id.*

Mr. Irwin appeals the Veterans Court's harmless error determination. We have jurisdiction under 38 U.S.C. § 7292(c).

II

In this appeal, we must first decide whether Mr. Irwin's TDIU claim became moot when the VA instituted a new TDIU investigation.

The Veterans Court has adopted the "case or controversy" requirement of Article III. *Mokal v. Derwinsky*, 1 Vet. App. 12, 13–15 (1990). This means that the Veterans Court may not decide moot questions. *See DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974). A case becomes moot if "(1) it can be said with assurance that there is no reasonable expectation . . . that the alleged violation will recur, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979).

The VA argues that Mr. Irwin's TDIU claim became moot when the VA voluntarily opened a new investigation. According to the VA, this voluntary action "provided Mr. Irwin with the relief he sought – adjudication of his claim for entitlement to TDIU." Appellee's Br. 18. Mr.

Irwin argues that his claim did not become moot because a remand by the Veterans Court would entitle him to expedited adjudication of his TDIU claim. Appellant's Reply Br. 11 (citing 38 U.S.C. § 7112 (2012) (providing for the "expeditious treatment" of claims remanded to the Board) and 38 C.F.R. § 20.900(a) (2013) (stating that cases remanded to the Board assume their original places in the Board's docket)).

On the record before us, we cannot say that Mr. Irwin's appeal is moot. Following oral argument, Mr. Irwin notified this court that his latest TDIU appeal remains pending before the Board, that the Board has assigned it a new docket number, and that the VA has asked the Board to reassign Mr. Irwin's appeal the same docket number as his earlier appeal. Post Arg. Submission Made at the Req. of the Panel, *Irwin v. Gibson*, No. 13-7113 (Fed. Cir. June 4, 2014), ECF No. 39. Nothing in the record reflects that the Board has actually complied with the VA's request, and nothing suggests that Mr. Irwin's latest appeal will be heard as quickly as his prior appeal would be heard on remand.

The benefit to Mr. Irwin of having his claim adjudicated quickly is real. *See, e.g.*, *Hayburn's Case*, 2 U.S. (2 Dall.) 409, 410 n.1 (1792) ("[M]any unfortunate and meritorious [veterans], whom [C]ongress have justly thought proper objects of immediate relief, may suffer great distress, even by a short delay, and may be utterly ruined, by a long one."). The fact that Mr. Irwin's Board appeal would very likely be heard more quickly on remand means that the VA's voluntary opening of a new TDIU investigation has not completely and irrevocably eradicated the effects of its earlier failure. *See, e.g.*, *Chadha v. INS*, 634 F.2d 408, 418 n.6 (9th Cir. 1980) *aff'd sub nom. INS v. Chadha*, 462 U.S. 919 (1983) (noting that "a case does not become moot during appeal so long as a party retains a personal stake in the appeal's outcome" and holding the relevant appeal not moot because "[t]he

most obvious detriment [to the plaintiff] is that he would be required to wait longer" for his remedy). Consequently, Mr. Irwin's claim is not moot.

III

Turning to the merits, Mr. Irwin argues that the Veterans Court erred by considering new evidence in finding harmless error.[2] We agree.

The Veterans Court's review of the merits of a Board decision is limited by statute to "the record of proceedings before the Secretary and the Board." 38 U.S.C. § 7252(b); *see also Shinseki v. Sanders*, 556 U.S. 396, 406–07 (2009); *Newhouse v. Nicholson*, 497 F.3d 1298, 1301–02 (Fed. Cir. 2007). The parties do not dispute that evidence of the VA's December 2011 investigation into Mr. Irwin's TDIU claim, and its February 2012 adjudication of the claim, was not before the Regional Office or the Board. But the Veterans Court relied on this evidence to find that the VA's failure to address Mr. Irwin's TDIU claim was harmless error. Because the Veterans Court generally may only consider evidence "before the Secretary and the Board," the court erred by considering this new evidence in its harmless error analysis.

Because of this error, we reverse and remand. But we note that a Regional Office has already adjudicated Mr. Irwin's TDIU claim, and his appeal from that decision is pending before the Board. On remand, therefore, the Veterans Court should remand to the Board with instructions to assign Mr. Irwin's pending TDIU appeal its

---

[2] Mr. Irwin also argues that his appeal of the TDIU claim to the Veterans Court divested the VA of jurisdiction while his appeal was pending, rendering the December 2011 TDIU investigation a nullity. Appellant's Br. 13–18. Because we reverse and remand on other grounds, we do not address this argument.

original docket number and to consider the appeal expeditiously. *See* 38 U.S.C. § 7112; 38 C.F.R. § 20.900(a).

**REVERSED AND REMANDED**