**UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS**

No. 12-1221(E)

GEORGE W. MORROW, APPELLANT,

V.

ROBERT A. MCDONALD,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before HAGEL, DAVIS, and GREENBERG, *Judges.*

**O R D E R**

On September 16, 2014, George W. Morrow, through his counsel, Stephen B. Bennett, filed a motion to withdraw his March 6, 2014, application for attorney fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). In the application, Mr. Morrow states that he is filing his motion to withdraw "after consultation." Motion at 1. The Court presumes that this consultation was between attorney Bennett and his client, Mr. Morrow, and that attorney Bennett has addressed all of the relevant elements of Rule 1.7 of the *Model Rules of Professional Conduct*. Accordingly, the Court will grant the motion.

Upon consideration of the foregoing, it is

ORDERED that the stay of proceedings[1] is lifted. It is further

ORDERED that Mr. Morrow's motion is granted and the EAJA application is withdrawn. Pursuant to Rule 41(b) of the Court's Rules of Practice and Procedure, this order is the mandate of the Court.

DATED: October 16, 2014                                    PER CURIAM.

GREENBERG, *Judge*, concurring: By the Court's order, the benefits of this veteran-friendly, lawyer-friendly, statute, enacted by Congress to encourage worthy litigation, are made more difficult to realize for deserving veterans and their lawyers. The statute requires, among other things, that a lawyer entitled to a fee and costs must represent a prevailing party. The lawyer here represented a

---

[1] On June 3, 2014, the Court issued a stay of proceedings pending the disposition of *Waterfield v. Shinseki*, U.S. Vet. App. No. 12-2169(E), which presented nearly identical facts and raised the same legal issue regarding equitable tolling as the current case. On September 11, 2014, a panel of the Court issued a nonprecedential order granting Mr. Waterfield's motion to withdraw his EAJA application. *Waterfield v. McDonald,* No. 12-2169(E), 2014 U.S. Vet. App. LEXIS 1545 (Sept. 11, 2014) .

prevailing party within the meaning of the statute. We should encourage lawyers to represent veterans, not place needless additional obstacles on the long road toward an adequate award. *See Henderson v. Shinseki*, 131 S.Ct. 1197, 1200 (2011) (Alito, J.) ("The VA's adjudicatory 'process is designed to function throughout with a high degree of informality and solicitude for the claimant.'") (internal citations omitted); *see also Hayburn's Case*, 2 U.S. (2 Dall.) 409, 410, n., 1 L. Ed. 436 (1792) ("[T]he objects of [that] act are exceedingly benevolent, and do real honor to the humanity and justice of Congress . . . .").

The appellant, George W. Morrow, sought through counsel attorney fees and expenses in the amount of $3,874.07 pursuant to the Equal Access to Justice Act (28 U.S.C. 2412) (EAJA). The Secretary argued that the application should be denied as untimely because it was filed more than 30 days after the Court's judgment became final.[2] For the following reasons, the EAJA application should have been granted to the extent it was reasonable.

The appellant is a World War II veteran who served in the U.S. Army from October 1941 to July 1945. R. at 637. He appealed a December 23, 2011, Board of Veterans' Appeals (Board) decision to the Court in April 2012. On June 28, 2013, the Court vacated and remanded the December 2011 Board decision. *Morrow v. Shinseki*, 12-1221, 2013 WL 3283482 (Vet. App. June 28, 2013). Judgment entered on July 22, 2013, and mandate issued on September 23, 2013, effective September 20, 2013.

On October 4, 2013, in light of the government shutdown,[3] the Court issued an order stating that it remained "open for business," and issued a 10-day stay to the Secretary, to begin on October 17, 2013, for almost all pleadings deadlines. Misc Order No. 07-13 (October 4, 2013). On October 17, 2013, the Court issued an order stating that all pleadings by the Secretary that would be due between October 17 and October 23, 2013, were instead due on October 24, 2013. Misc. Order. No. 08-13 (October 17, 2013).

On October 29, 2013, the appellant filed a motion seeking permission to file a late EAJA application, requesting that his "case be reopened to allow the [EAJA application] to be filed" and stating that "[b]ecause of a misunderstanding and the government shutdown, [the EAJA application]

---

[2] The Secretary also argued in the alternative that the fee requested is unreasonable and should be reduced. I do not address that argument here.

[3] The U.S. government was shut down from October 1, 2013, to October 16, 2013, during which over 850,000 government employees from almost every agency and department were furloughed. *Impact and Costs of the October 2013 Federal Government Shutdown* 13 (Office of the President of the United States 2013). The shutdown had significant effects at VA and within the federal judiciary. *See, e.g., Impact* at 4, 15 (affecting VA by hampering its ability to process disability claims, and "halting or curtailing" other services for veterans); Brad Plumer, *Absolutely everything you need to know about how the government shutdown will work*, The Washington Post (September 30, 2013) (stating that the Board will be unable to hold hearings); Todd South, *Federal Government Shutdown threatens many veteran benefits*, Times Free Press (October 12, 2013) (reporting that "veterans filing new claims will see their requests frozen as . . . [VA] and [the Court] stop operating.").

2

was not filed within the proper time." Motion to Reopen Case for Leave to File Late Motion for Award of Attorney Fees (October 29, 2013).

On February 28, 2014, the Court issued an order stating that "[t]o the extent that the appellant requires the Court's leave to submit a late EAJA claim, that permission is granted," and ordering the appellant to "include [with his EAJA application] an explanation of why he did not file a timely EAJA application and any arguments to support a grant of equitable tolling," as "[t]he appellant's explanation in the instant motion, 'a misunderstanding and the government shutdown,' is unclear." Court Order at 1 (February 28, 2014).

On March 6, 2014, the appellant submitted an EAJA application, seeking $3,824.07. On May 1, 2014, the Secretary submitted a response in opposition, arguing that the appellant had not demonstrated that equitable tolling of the EAJA application period was warranted. On June 3, 2014, the Court issued an order staying the case pending the disposition of *Waterfield v. Shinseki*, No. 12-2169.

Under the EAJA statute and the Court's rules, an EAJA application must be filed "not later than 30 days after the Court's judgment becomes final." U.S. Vet. App. R. 39(a); 28 U.S.C. § 2412(d)(1)(B). A judgment of the Court becomes final upon "mandate," which "generally is 60 days after judgment entered." U.S. Vet. App. R. 41(a), (b).

Justice Ginsburg's opinion in *Scarborough v. Principi* holds that EAJA filing deadlines are not jurisdictional. 541 U.S. 401, 414 (2004). The Supreme Court held in *Henderson v. Shinseki* that the 120-day appeal period for claims was also a nonjurisdictional rule, 131 S. Ct. 1197, 1206 (2011), and this Court found it ultimately subject to equitable tolling. *Bove v. Shinseki*, 25 Vet.App. 136, 140 (2011) (per curiam order). When the question arises of whether a filing period at this Court should be tolled, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (internal citation omitted). Equitable tolling is not "limited to a small and closed set of factual patterns and is rather decided on a case by case basis." *Mapu v. Nicholson*, 397 F.3d 1375, 1380 (Fed. Cir. 2005); *see Ferguson v. Shinseki*, 13-1149, 2014 WL 463690 (Vet. App. Feb. 6, 2014) (Greenberg, J., concurring).

Lawyers should be paid. In lieu of granting withdrawal, I would have addressed the merits of this case and found that (1) the EAJA application period at this Court is subject to equitable tolling, not unlike the other nonjurisdictional claims processing rules of this Court; and (2) tolling of that period here is warranted on the facts of this case. The appellant in this case was reasonably diligent in pursuing his rights with regard to EAJA by entering into a fee agreement that required that counsel's fee be reduced dollar for dollar by any award obtained through an EAJA application. Fee Agreement at 1, para. 6; *see* John Norton Pomeroy, *Pomeroy's Equitable Jurisprudence and Equitable Remedies* § 856 (4th Ed. 1918) ("[W]here the mistake is wholly caused by the want of that care and diligence *in the transaction which should be used by every person of reasonable prudence* . . . a court of equity will not interpose its relief; but . . . *[t]he highest possible care is not*

3

*demanded*.") (emphasis added).  Just as "[i]t would be inequitable to allow the government to shorten the Congressionally-imposed notice of obligations because of such an unusual set of circumstances *i.e.*, a government shutdown" in a customs matter, *Best Key Textiles Co. Ltd. v. United States*, 942 F. Supp. 2d 1367, 1374 (2013), I would have held that equitable tolling of the EAJA application period is warranted here.

For the foregoing reasons, I would have ordered that the June 3, 2014, stay be lifted.  Further, I would have ordered that the appellant's EAJA application be granted to the extent reasonable.