NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 10, 2015[*]
Decided April 28, 2015

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 13-2093

| | |
|---|---|
| PAUL OLSSON,<br>    *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 12 C 03057 |
| LISA MADIGAN, *et al.*,<br>    *Defendants-Appellees*. | John J. Tharp, Jr.,<br>*Judge*. |

## O R D E R

This is the latest in a string of suits Paul Olsson has brought after he was criminally prosecuted in Illinois. The district court dismissed this action for lack of subject-matter jurisdiction. It reasoned that Olsson's claims under 42 U.S.C. § 1983 seek review of a state court's civil judgment in violation of the *Rooker-Feldman* doctrine. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fid. Trust Co.*, 263

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

U.S. 413, 416 (1923). Because that reasoning is correct, we affirm the district court's judgment.

For purposes of this appeal, we accept as true the allegations in Olsson's federal complaint and its attachments. *See Hemi Grp., LLC v. City of New York*, 559 U.S. 1, 5 (2010); *Segal v. Geisha NYC LLC*, 517 F.3d 501, 504–05 (7th Cir. 2008). Olsson was charged in 2005 in the Circuit Court of Lake County with criminal sexual assault. After the court found him unfit to stand trial, he was committed for treatment at a mental health center. While the criminal proceedings remained ongoing, Olsson sued 17 defendants— including several state judges and a court reporter—in federal court, alleging that they conspired to violate his civil rights in the criminal case. The district court dismissed some of the claims with prejudice and, citing *Younger v. Harris*, 401 U.S. 37 (1971) and *Heck v. Humphrey*, 512 U.S. 477 (1994), dismissed the remaining ones without prejudice, allowing them to be reinstated after the criminal proceedings had ended. We affirmed the district court's judgment. *See Olsson v. O'Malley*, 352 F. App'x 92, 93 (7th Cir. 2009). Olsson moved to reinstate the federal suit two years after our decision. He submitted a document entitled "Federal Lien" that purported to encumber $10 billion of the defendants' property. The district court denied reinstatement because the state-court proceedings were still pending.

Unhappy with that ruling, Olsson attempted to record his "lien," prompting a state-court civil suit against him. He had filed with the Lake County Recorder of Deeds a document, entitled "Lis Pendens & Notice of Federal Lien," that refers to the federal suit and purports to encumber the Lake County Courthouse in Waukegan, Illinois. The State of Illinois responded by suing Olsson in the Circuit Court of Lake County, seeking to invalidate his purported lien. Although the state served Olsson with process, he failed to appear or answer the complaint, so the state obtained a default judgment against him in April 2012. The court declared his lien void and permanently enjoined him from filing liens without advance judicial approval. Olsson did not appeal.

During the 30 days that Olsson could have appealed, *see* ILL. SUP. CT. R. 303(a)(1), he instead brought this federal action, which the district court dismissed for lack of jurisdiction. He sued the Attorney General of Illinois and three public servants involved in the state-court lien litigation: the Lake County judge who entered the default judgment; the assistant attorney general who prosecuted the action; and the assistant state's attorney who represented his co-defendant, the Lake County Recorder of Deeds. In his complaint, Olsson asserts that the defendants violated his right to due process by suing him to invalidate his lien. He seeks damages, rescission of the state court's

judgment, and recognition of a right to record his lien. The district court accepted the defendants' principal contention that Olsson's suit is an improper collateral attack on the state court's decision. *See Feldman*, 460 U.S. at 476; *Rooker*, 263 U.S. at 416.

Olsson sought reconsideration, arguing that the *Rooker-Feldman* doctrine does not apply for two related reasons. First, he suffered an injury independent of the state court's judgment: He was sued despite having been found unfit to stand trial in the criminal case. Second, he lacked a "reasonable opportunity" to litigate in state court because of his unfitness to stand trial. The district court rejected both arguments.

On appeal Olsson challenges the district court's application of *Rooker-Feldman*. The doctrine holds that federal district courts have no jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Olsson repeats his two reasons for contending that *Rooker-Feldman* does not apply here. First, he maintains that he is complaining about an injury independent of the state court's judgment: the burden of opposing the state suit despite his "defense" that he is unfit to be tried criminally. At bottom, Olsson complains that he was injured by the need to litigate when he was unfit to do so. However, we recently held in *Harold v. Steel*, 773 F.3d 884, 886 (7th Cir. 2014), that "[t]he need to litigate was not a loss independent of the state court's decision" for purposes of the *Rooker-Feldman* doctrine.

Olsson also argues that he lacked a "reasonable opportunity" to litigate in state court because of his unfitness. After *Exxon Mobil* limited the reach of *Rooker-Feldman*, we questioned the continuing vitality of, or need for, the reasonable-opportunity exception to the doctrine. *See Kelley v. Med-1 Solutions, LLC*, 548 F.3d 600, 607 (7th Cir. 2008). But in any case the exception is inapplicable to cases like this one "in which the plaintiff complains of an injury that cannot be separated from the state court judgment." *Id.*

We have considered whether *Rooker-Feldman* does not apply to Olsson's suit because he filed it before the time to appeal the state judgment had expired. "*Rooker-Feldman* does not apply to parallel state and federal litigation." *Lance v. Dennis*, 546 U.S. 459, 464 (2006); *see Exxon Mobil,* 544 U.S. at 292. Thus the doctrine "does not bar the claims of federal-court plaintiffs who . . . file a federal suit when a state-court appeal is pending." *Parker v. Lyons*, 757 F.3d 701, 705–06 (7th Cir. 2014). But no state-court appeal was pending when, or after, Olsson filed this federal action, so this case does not involve parallel state and federal litigation.

We have reviewed Olsson's remaining arguments and conclude that they are without merit. Accordingly, we AFFIRM the judgment.